## PONDER *v.* THE STATE.

In a trial for murder, verbal directions given by the deceased to his brother to follow the accused and see that he did not leave the road in which the homicide shortly afterwards occurred, and over which the deceased and his brother were about to pass, being in evidence, the State, in order to show that this request was probably meant as a precaution for defence and not as a measure of attack, may prove that it followed and was connected with a suggestion made by a third person that the accused would "waylay the boys to-night," although the accused was not present and did not hear the conversation or any part of the same.

May 27, 1891.

Criminal law. Murder. Evidence. Before Judge GOBER. Cherokee superior court. September term, 1890

Reported in the decision.

CLAY & BLAIR, C. D. PHILLIPS, H. W. NEWMAN and T. HUTCHESON, for plaintiff in error.

GEORGE R. BROWN, solicitor-general, by brief, *contra.*

BLECKLEY, Chief Justice.

Ponder and the two brothers Reese were together at the house of Seabolt until late in the night. The same road, for some distance, was the way home for all three. Ponder and Aaron Reese were unfriendly, and each of them had a gun. Ponder left for home first, and as the Reese brothers were about leaving, some conversation took place in which Seabolt and wife participated. Mrs. Seabolt said, "Ponder will waylay the boys to-night." Aaron Reese told his brother to go on and watch Ponder, and see that he staid in the

road. The brother then set out, and not long afterwards was joined by Aaron. Ponder was not far ahead, and the two brothers soon overtook him, and Aaron was shot and killed by him in the road. At the trial counsel for Ponder insisted upon having before the jury what Aaron, the deceased, said to his brother, but objected to what Mrs. Seabolt said. The court ruled, in effect, that both might be excluded, but that if one was received the other should be also.

Without the suggestion to the mind of Aaron Reese which was made by the remark of Mrs. Seabolt, his own words might never have been uttered. Her remark tends not only to account for their origin, but to explain their real object and purpose. He directed his brother to go ahead, watch Ponder and see that he remained in the road. Why? Was it as a precaution against ambush, or as a preliminary to a contemplated attack? Standing alone, the words are ambiguous as to their motive and end. With the remark of Mrs. Seabolt to illustrate them, they indicate a defensive rather than an offensive purpose. This being so, the fact that Ponder was not present and heard no part of the conversation in which the remark of Mrs. Seabolt occurred, does not affect its admissibility for the sole purpose of accounting for and explaining what was said immediately afterwards by the deceased. Of course, the evidence would have no relevancy for any other purpose. *Brown* v. *Matthews*, 79 *Ga.* 2(4).

The other grounds in the motion for a new trial were all waived by the learned counsel for the plaintiff in error on the argument in this court.

*Judgment affirmed.*