## JACKSON *v.* THE STATE.

*Lumpkin, J.*—Where one indicted for a crime entered a plea of guilty, was duly sentenced, and afterwards moved to set the judgment aside on the ground that he had been induced to enter the plea by the false and fraudulent representations of two other persons "that they would see that he got off with a light fine or sentence," supporting the motion by his own affidavit only, and all of its material allegations were denied under oath by the other two persons, this court will not reverse a refusal to set the judgment aside.          *Judgment affirmed.*
June 8, 1896.   By two Justices.

Motion to set aside judgment.   Before Judge Candler. Fulton superior court.   March term, 1896.

*A. C. Perry*, for plaintiff in error.
*C. D. Hill, solicitor-general*, contra.

---

## THOMAS *v.* THE STATE.

*Simmons, C. J.*—The only grounds of the motion for a new trial being that the verdict was contrary to law and the evidence, and there being sufficient evidence to support the conviction, this court cannot overrule the discretion of the trial judge in refusing to grant a new trial.          *Judgment affirmed.*
June 8, 1896.   By two Justices.

Indictment for robbery.   Before Judge Candler.   Fulton superior court.   March term, 1896.

*A. C. Perry*, for plaintiff in error.
*C. D. Hill, solicitor-general*, contra.