### 7884. GRANT *v.* THE STATE.

Failure to charge, in the trial of a criminal case, a principle of law applicable to one of several defenses, based entirely upon the statements of the defendant and a codefendant tried jointly, no request in writing or otherwise having been made for such charge, is not error. *Walker* v. *State*, 122 *Ga.* 747, 751, last paragraph (50 S. E. 994); *Gray* v. *State*, 6 *Ga. App.* 428 (3), 432 (65 S. E. 191); *Robinson* v. *State*, 114 *Ga.* 56 (4), 57 (39 S. E. 862).

　　　　　　　　　　DECIDED FEBRUARY 1, 1917.

Accusation of sale of liquor; from city court of Dublin—Judge Hicks. July 17, 1916.

*Fred Kea,* for plaintiff in error. *S. P. New, solicitor,* contra.

GEORGE, J. Dan Grant and others were jointly tried for the offense of selling whisky. One of the defenses relied upon by Grant in his statement at the trial was that he had acted merely

as agent of the buyer, in procuring the whisky. Several exceptions to the admission of testimony were taken, but in the brief filed by counsel for plaintiff in error he insists a new trial should be granted him for the sole reason that the court did not give in charge the law applicable to the particular contention stated above. No request for such a charge was made, and the court did charge the jury that they might believe this defendant's statement in preference to the sworn testimony.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*