**570**

JACKSON *v.* THE STATE.

CANDLER, Justice. It is always the duty of this court to inquire into its jurisdiction, with or without a motion. In the present case the defendant was indicted and convicted of larceny from the house. He filed a motion for new trial, based on the usual general grounds, which was afterwards amended by adding three special grounds, the first two of which complain because the court admitted in evidence two confessions, one oral and the other written, alleged to have been made by him, over the objection that they were not freely and voluntarily made, and hence were obtained in violation of stated constitutional rights; and the third, because the court refused on motion to direct a verdict in favor of the defendant. No question presented by the writ of error requires a construction of any constitutional provision; but the exceptions relate merely to an application of unquestioned and unambiguous provisions of the Constitution. The case, therefore, falls within the rule that "The Court of Appeals and not the Supreme Court has jurisdiction of cases which involve mere application of unquestioned and unambiguous provisions of the Constitution to a given state of facts." *Smith* v. *State,* 201 *Ga.* 200 (39 S. E. 2d, 313); *White* v. *State,* 196 *Ga.* 847, 849 (27 S. E. 2d, 695); Code (Ann. Supp.), § 2-3704. Accordingly, this case is

*Transferred to the Court of Appeals. All the Justices concur.*

No. 16214. APRIL 15, 1948.

*R. V. Hyman, Harris & McMaster,* and *E. T. Averett,* for plaintiff in error.

*W. H. Lanier, Solicitor-General,* contra.