## GAINES v. THE STATE.

WYATT, Justice. To an accusation, charging the accused with driving and operating an automobile upon a designated street in the City of Oglethorpe while "said machine was not provided and equipped with sufficient and serviceable brakes," the accused filed a demurrer upon the grounds: (a) that said accusation fails to charge the accused with any criminal offense; (b) that the accusation is so vague, indefinite, general, and uncertain as not to put the defendant on notice as to what he is required to defend; (c) that the first sentence (quoting it) of the act of August 23, 1927 (Ga. L. 1927, p. 234, section 9), is void for uncertainty and indefiniteness, and is therefore incapable of enforcement, and the accusation based thereon is void; (d) that the accusation, based on said act, is repugnant to article 14, section 1, of the Constitution of the United States, and article 1, paragraph 3, of the Constitution of Georgia, "in that it seeks to deprive the defendant of his liberty without due process of law on account of the vagueness and uncertainty of the offense sought to be defined, and for the reason that there are set forth no ascertainable standards of guilt." The trial court overruled the demurrer, and the exception is to that judgment. *Held:*

The demurrer does not seek to raise the question of the constitutionality of a statute; but, on the contrary, specifically alleges "that said accusation . . is repugnant" to designated provisions of the State and Federal Constitutions. Accordingly, since the constitutionality of a statute is not drawn in question, this case falls clearly within the recognized rule that the Court of Appeals and not the Supreme Court has jurisdiction of cases involving "mere application of unquestioned and unambiguous

provisions of the Constitution to a given state of facts." *Smith* v. *State*, 201 *Ga.* 200 (39 S. E. 2d, 313); *Loomis* v. *State*, 203 *Ga.* 394 (47 S. E. 2d, 58).

*Transferred to the Court of Appeals. All the Justices concur.*

No. 16591. APRIL 12, 1949

*Jule & A. C. Felton III*, for plaintiff in error.
*Jared J. Bull, Solicitor*, contra.