32910. SELLERS *et al. v.* THE STATE.

DECIDED FEBRUARY 24, 1950. REHEARING DENIED MARCH 16, 1950.

*Newell J. Smith, J. D. Godfrey, Casey Thigpen,* for plaintiffs in error.

*W. H. Lanier, Solicitor-General,* contra.

TOWNSEND, J. Raymond and Henry Sellers were indicted, tried and convicted in the Superior Court of Washington County for an attempt to commit burglary. They filed a motion for a new trial on the general grounds, later amended by adding one

special ground. The trial court overruled the motion for a new trial as amended, and this judgment is assigned as error.

■ The special ground of the amended motion for a new trial contends that the trial court erred in failing to charge, without written request, that intent must be proved beyond a reasonable doubt; that the intent of the defendants was their sole defense, they contending that they had gone to the premises of the prosecutor to get gasoline and whisky and that it was not their purpose to break and enter his store building to commit larceny. This special ground of the amended motion for a new trial and the general grounds are here treated together.

The jury trying the case was authorized to find facts substantially: that the prosecutor owned a store where he sold merchandise located on a highway in Washington County; that he lived in a house across the highway and approximately 55 yards from the store; that around 11:30 o'clock on the night of Saturday, August 27, 1949, the store was closed and the prosecutor was in his home in bed asleep; that the defendant, Raymond Sellers, came to the house and called him; that he answered the call but did not immediately get up; that a short time thereafter the car in which Raymond Sellers and others were riding left the premises but was soon heard to pass on the way back; that a short time after this the prosecutor was called from his bed by a relative sleeping in the front part of the house; that upon coming to the front of the house with a gun the prosecutor saw the defendants at his store; that he saw Raymond Sellers hand Henry Sellers something which the latter used in connection with opening the window of the store building; that at this time the glass of the window had been broken and Henry Sellers was reaching up to a point where a nail fastened the window down; that the prosecutor was able to see all this because of an electric lamp above the store which flooded light over the entire area; that as Henry Sellers was reaching into the store through the broken window the prosecutor shot at him and continued to shoot at the defendants as they ran across the field from the store until he had fired five shots. An examination of the premises on the following day showed that an attempt to force open the rear door of the store on that night had failed. There was also evidence to show that the prosecutor, in addition to operat-

ing the general merchandise store, operated a service station where he sold gasoline, and that he sold whisky on the side. The defendants each made statements in which they contended that they were not attempting to break into the store building of the prosecutor, but that they were only there for the purpose of buying gasoline and whisky. Previously the defendant Raymond Sellers had told the sheriff he was not there and knew nothing about the transaction.

Since the defendants are under conviction for the offense of attempt to commit burglary, all the essential elements of burglary itself are material, one of which is the intent with which the breaking to enter is done. In *Steadman v. State*, 81 *Ga.* 736 (2) (8 S. E. 420) it is held: "No other motive appearing for an attempt at burglary near midnight, the intent to steal may be inferred, there being valuable effects in the building." The defendants contend that their only defense was the lack of this intent. It, however, may be inferred from the facts and circumstances of the case in accordance with *Steadman v. State*, supra. Unless the evidence raises a theory consistent with innocence. In *Glaze v. State*, 2 *Ga. App.* 704 (3) (58 S. E. 1126), relied upon by counsel for the defendants, the proved facts were not in dispute, and were equally consistent with the theory of the defense and that of the State.

■ Under the testimony of the State's witnesses which the verdict indicates was accepted by the jury, the defendants, at a time near midnight, were breaking open the window of a building where valuable goods were stored. The only conflict with this positive evidence appears from the statements of the defendants themselves. Failure to charge in the trial of a criminal case a defense based entirely upon the statements of codefendants tried jointly, no request in writing having been made for such charge, is not error. See *Grant v. State*, 19 *Ga. App.* 229 (91 S. E. 338), and cases cited.

On the question of intent, the judge charged: "Gentlemen, the charge in this case is an attempt to commit a burglary, so I will give you in charge the legal definition of burglary so that you will know just what the defendants are accused of attempting to commit. Under our law burglary is defined as the breaking and entering into the dwelling, mansion or storehouse, or

other place of business of another, where valuable goods, wares, produce or any other articles of value are contained or stored with the intent to commit a felony or a larceny. And again: "Now, gentlemen, I charge you that a conspiracy consists of a corrupt agreement between two or more persons to commit an unlawful act. This agreement may be established by direct proof or by inferences as a deduction from conduct which discloses a common design on the part of the persons charged to act together for the accomplishment of the unlawful purpose. If two or more persons shall form an intent and purpose to commit a crime, and if in the furtherance of such intention and purpose a crime shall be committed, as contemplated, the acts of each person in the commission of the crime would be attributable to, and as the acts of all persons aiding and abetting in the commission of the crime. If no conspiracy or concert of action be shown by the evidence each person would be responsible only for his own acts." In the absence of timely written request, these excerpts from the charge amply cover the subject of intent as this element applies to the offense here charged.

■ Since the special ground of the motion for a new trial is without merit, and since the verdict is supported by the evidence, the trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*