## DIXON *v.* THE STATE.

ALMAND, Justice. Dixon was convicted of voluntary manslaughter and given a sentence of from eight to ten years. He thereafter filed a motion, praying that the judgment and sentence be set aside, alleging that the same were void because the verdict fixed no minimum or maximum sentence, and because the sentence was a nullity because the judge therein ordered the defendant imprisoned as ordered by the Prison Commission of Georgia, whereas there was no such Prison Commission, the same having been abolished prior to the indictment of the defendant. The motion alleged that the movant had been deprived of rights guaranteed to him by the due-process clauses of the State and

Federal Constitutions. The trial judge sustained general demurrers filed to the motion by the solicitor-general, and dismissed the motion. The movant excepted. In his bill of exceptions, it is stated: "Supreme Court of Georgia has jurisdiction and not the Court of Appeals of Georgia, as this case is one which involves a construction of due-process clauses" of the State and Federal Constitutions. *Held:*

"A mere assertion that one has been deprived of a right under the Constitution of this State or of a right under the Federal Constitution is insufficient to confer jurisdiction on the Supreme Court. In order for the Supreme Court to have jurisdiction, the case must involve a 'construction of the Constitution where the meaning of some provision thereof is directly in question, or is doubtful by force of its own terms or under the decisions of the Supreme Court of the United States or of the Supreme Court of Georgia.' Accordingly, since the petition in this case involves a mere application of unquestioned and unambiguous provisions of the Constitution to a given state of facts, the Supreme Court is without jurisdiction." *Jarvis* v. *State,* 197 *Ga.* 704 (30 S. E. 2d, 484), and cases there cited.

*Transferred to the Court of Appeals. All the Justices concur.*

No. 17191. JULY 12, 1950.

*Casey Thigpen* and *J. D. Godfrey,* for plaintiff in error.
*J. Cecil Davis, Solicitor-General,* contra.