SELLERS *et al. v.* THE STATE.

HEAD, Justice. The defendants were convicted at the September term (September 7), 1949, of Washington Superior Court, on an indictment charging an attempt to commit burglary. The judgment denying their motion for new trial was affirmed by the Court of Appeals, and a rehearing was denied on March 16, 1950. (*Sellers* v. *State,* 81 *Ga.. App.* 212, 58 S. E. 2d, 262). The present bill of exceptions assigns error on an order of the trial judge denying their motion to set aside the verdict and judgment, filed April 19, 1950. The motion to set aside asserts that no valid verdict and judgment have been rendered, because: (a) there was no joinder of issue, arraignment, or waiver of arraignment; (b) the defects appear on the face of the record and are not amendable; (c) the defendants have not been tried in accordance with law, and have been denied due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States; (d) the verdict and judgment are void and violative of the State Constitution, art. 1, sec. 1, par. 3, and the Fourteenth Amendment to the Constitution of the United States, which provide that no person shall be deprived of life, liberty, or property except by due process of law; (e) the defendants are being denied their liberty and equal protection of the law, in that they were tried and convicted of a crime, without being formally arraigned, they did not waive arraignment, and the defects were not cured by, the verdict rendered. *Held:*

No statute is drawn in question by the motion to set aside the verdict and sentence of the trial court. This case falls within the well-recognized rule that the Court of Appeals and not the Supreme Court has

250

jurisdiction of cases involving "mere application of unquestioned and unambiguous provisions of the Constitution to a given state of facts." *Gaines* v. *State,* 205 *Ga.* 210 (52 S. E. 2d, 847), and cases cited.

*Transferred to the Court of Appeals. All the Justices concur.*

No. 17187. SEPTEMBER 11, 1950.

*J. D. Godfrey, Casey Thigpen,* and *Newell J. Smith,* for plaintiffs in error.

*W. H. Lanier, Solicitor-General,* contra.