### ROBINSON *v.* THE STATE.

CANDLER, Justice. 1. Although the main case here involves an indictment for rape, there has been no trial, and the Supreme Court has jurisdiction in criminal cases as such only when there has been a conviction

of a capital felony. *Loomis* v. *State,* 203 *Ga.* 394 (47 S. E. 2d, 58); *Morgan* v. *State,* 201 *Ga.* 65 (38 S. E. 2d, 810); art. 6, sec. 2, par. 4, Constitution of 1945 (Code, Ann., § 2-3704).

2. While the foregoing clause of the Constitution gives the Supreme Court jurisdiction to review constructions of the State and Federal Constitutions, yet, where only an application of plain provisions of the Constitution is involved, the Court of Appeals and not the Supreme Court has jurisdiction. *Dade County* v. *State of Georgia,* 201 *Ga.* 241 (39 S. E. 2d, 473); *Stanley* v. *Amos,* 204 *Ga.* 652 (51 S. E. 2d, 395); *Jackson* v. *State,* 203 *Ga.* 570 (47 S. E. 2d, 588); *Boyett* v. *State,* 205 *Ga.* 370 (53 S. E. 2d, 919); *Sellers* v. *State,* 207 *Ga.* 249 (61 S. E. 2d, 145).

3. Applying the foregoing rulings to the instant case, where there has been no conviction of a capital felony, and the construction of no provision of the Constitution is drawn in question, but only an application of the plain provisions of the due-process and other clauses of the State and Federal Constitutions is sought, the Supreme Court is without jurisdiction and the writ of error must be

*Transferred to the Court of Appeals. All the Justices concur.*

No. 17826. SUBMITTED APRIL 15, 1952—DECIDED APRIL 16, 1952.

*Bruce Edwards, Jesse T. Edwards, Joe R. Edwards,* for plaintiff in error.

*Roy Leathers, Solicitor-General,* contra.