20529. ATLANTA NEWSPAPERS, INC., *et al. v.*
GRIMES, Sheriff, *et al.*

HAWKINS, Justice. Beginning with the decision in *Gulf Paving Co.* v. *City of Atlanta,* 149 *Ga.* 114 (99 S. E. 374), this court has held that, where the question presented for decision requires only an application of unquestioned and unambiguous provisions of the State or Federal Constitution to a given state of facts, jurisdiction of such cases is in the Court of Appeals, and not in this court, and has therefore transferred such cases to the Court of Appeals. See, in this connection, *McGill* v. *State of Georgia,* 209 *Ga.* 282 (71 S. E. 2d 548); *Jackson* v. *State,* 203 *Ga.* 570 (47 S. E. 2d 588); *Gaines* v. *State,* 205 *Ga.* 210 (52 S. E. 2d 847); *Boyett* v. *State,* 205 *Ga.* 370 (53 E. E. 2d 919); *Robinson* v. *State,* 209 *Ga.* 48 (70 S. E. 2d 514); *Suttles* v. *Hill Crest Cemetery,* 209 *Ga.* 160 (71 S. E. 2d 217); *Jones* v. *Chandler,* 209 *Ga.* 498 (74 S. E. 2d 4); *Giles* v. *State,* 212 *Ga.* 465 (93 S. E. 2d 739); *Perkins* v. *Hattiesburg Brick Work,* 212 *Ga.* 804 (96 S. E. 2d 361), and cases therein cited. The present case comes within that class, and it is

*Transferred to the Court of Appeals. All the Justices concur. Duckworth, C. J., Head, Candler and Hawkins, JJ., concur specially.*

ARGUED JULY 14, 1959—DECIDED SEPTEMBER 15, 1959.

*B. P. Gambrell, Stephens, Fortson, Bentley & Griffin, John E. Dougherty,* for plaintiffs in error.
*Harold Sheats, Griffin Patrick,* contra.

DUCKWORTH, Chief Justice, concurring specially. I am fully convinced that the decisions upon which the opinion rests erroneously construe the Constitution wherein the jurisdiction of this court is fixed. Those decisions and the numerous other de-

cisions hold without qualification that, where the constitutional provision is plain and unambiguous, the Court of Appeals and not this court has jurisdiction to apply the Constitution to any given state of facts, irrespective of what the facts may be. Until and unless overruled by a decision of this court, concurred in by all the Justices, those decisions are controlling. And since it is impossible at this time to obtain a concurrence of all the Justices to that effect, I have no choice but to follow them, which requires a concurrence in the transfer of the writ of error to the Court of Appeals. I am authorized to state that Justices Head, Candler, and Hawkins join me in this special concurrence.