20824. McCRARY *v.* THE STATE.

ARGUED MARCH 15, 1960—DECIDED APRIL 7, 1960—
REHEARING DENIED APRIL 27, 1960.

*Paul James Maxwell,* for plaintiff in error.

*Paul Webb, Solicitor-General, Eugene L. Tiller, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.

HEAD, Presiding Justice. Since it is the duty of this court in every case to determine its jurisdiction, we will first consider this question. The Constitution of Georgia, Art. VI, Sec. II, Par. IV (Code § 2-3704), gives this court jurisdiction "in all cases that involve the construction of the Constitution of the State of Georgia or of the United States, . . . in all cases of conviction of a capital felony. . ." The only attempt at making a constitutional question in the present case is that quoted in the statement of facts, that is, that the movant's rights have been violated under the due-process clauses of the State and Federal Constitutions. The Court of Appeals has the same jurisdiction as this court to apply plain provisions of the State and Federal Constitutions, and no construction of the State or Federal Constitution is sought in this case which would give this court jurisdiction of

the case. *Rowland* v. *State*, 199 *Ga.* 340 (34 S. E. 2d 577); *Boyett* v. *State*, 205 *Ga.* 370 (53 S. E. 2d 919); *Dixon* v. *State*, 207 *Ga.* 192 (60 S. E. 2d 439); *Robinson* v. *State*, 209 *Ga.* 48 (70 S. E. 2d 514).

The mere fact that a capital offense is charged in an indictment does not give this court jurisdiction of a criminal case, but there must be a *conviction* of a capital felony. *Robinson* v. *State*, supra; Code § 2-3704. The judgment excepted to in the present case is the denial of a motion to withdraw a plea of guilty of murder, and to vacate a judgment and sentence thereon. In *Huff* v. *Anderson*, 212 *Ga.* 32, 35 (90 S. E. 2d 329, 52 A. L. R. 2d 1310), it was said: "A plea of guilty, accepted and entered by the court, is a 'conviction' within the meaning of that word." See also *Ford* v. *State*, 162 *Ga.* 422 (4a) (134 S. E. 95); *Jackson* v. *Lowry*, 171 *Ga.* 349, 350 (155 S. E. 466); *Cummings* v. *Perry*, 194 *Ga.* 424 (21 S. E. 2d 847). Since a plea of guilty with a sentence thereon is the equivalent of a "conviction," the judgment under review is in a case of "conviction of a capital felony" (Code § 2-3704), and jurisdiction is in this court.

■ Until sentence is pronounced upon a prisoner, he has an unlimited right to withdraw his plea of guilty. Code § 27-1404. After judgment has been pronounced, a motion to withdraw the plea, made at the same term, is within the sound legal discretion of the trial judge. *Strickland* v. *State*, 199 *Ga.* 792 (35 S. E. 2d 463). While this discretion is not an arbitrary one, and this court will reverse the finding of the trial judge if it is based on an erroneous finding of law, it will not control his findings of fact upon conflicting evidence. *Jackson* v. *State*, 99 *Ga.* 209 (25 S. E. 177.)

The motion to withdraw the plea asserts that the movant had been adjudged insane by the Fulton County Court of Ordinary. The evidence on behalf of the movant completely fails to substantiate this contention. No certified copy of the record of an adjudication of insanity was introduced in evidence.

A. W. Van Dyke, a witness for the State, who had been appointed by the court to represent the movant prior to the acceptance of the plea of guilty, testified in part: "I checked the boy's record and I found back some quite a few years ago he had

a record of being in Milledgeville. I called his mother, she told me the boy had epilepsy and he was subject to fits, and he was under a doctor's care. . . I checked his record to start with and away back in '52 they have Milledgeville listed up for him, . . .' On cross-examination, this witness was asked whether he had checked the records in the ordinary's office and found a previous commitment, and the witness replied that he had checked the fingerprint record.

The mother of the movant testified that her son had suffered from epilepsy since 1950. Two affidavits were filed for the movant, to the effect that the affiants had known the movant for a number of years, and it was their opinion, from their observation of him, that he was not normal mentally on a date shortly before the date he entered his plea of guilty.

The trial judge made a statement at the hearing that it was suggested to him at the time of the movant's arraignment that the movant was suffering from epilepsy, and he questioned the movant for some length of time in regard to the homicide and other matters, in order to satisfy his mind that the movant understood what he was doing when he entered a plea of guilty.

Numerous affidavits were filed by the State, in which the affiants asserted that they were associates of the movant, and in their opinion the movant was sane at the time he killed his wife and at the time he was sentenced by the court. There was an affidavit by Dr. R. W. Bradford, a member of the Psychiatric Board of the Milledgeville State Hospital, in which he stated that he and the other members of the board made an examination of the movant on November 19, 1959, while he was an inmate of the Georgia State Prison at Reidsville. It was the finding of the board that the movant was non-psychotic, but subject to epileptic seizures.

In connection with the alleged coercion of the movant in making the plea of guilty, Mr. Van Dyke testified that on October 1, 1959, when the movant was first brought before the court, the movant stated that he would plead guilty, and the judge appointed the witness to represent the movant, and asked him to look into the case and be sure that the movant knew what he was doing. In regard to his conversation with the movant, this witness testified in part: "I talked to McCrary at great length. I ex-

plained the situation to him, I told him what he was facing. I didn't pull any punches, I told him he was facing the electric chair. I didn't tell him he was going to get the electric chair, I don't tell anybody what he is going to get because I have no way of knowing what the jury is going to do. I told him the chances that he could get the electric chair were there, and I asked him if he had done it. He said, 'Yes.' I also advised him that, if he was sick and needed help, I would see that he got it but he still insisted upon entering a plea of guilty, and I told him 'All right.' "

Willie Armour, deputy sheriff, testified: "This particular time when Mr. Van Dyke came up and had me to get McCrary out of the cell and bring him down to the consultation room, and he told him in going over his case, he says, McCrary, says, 'You can get the electric chair, but I think on a plea we might can get you off with life.' He said, 'I think if I was in your position, I might accept a life plea and save my life, it's your decision.' I never heard him say he would—he did tell him that he could get the electric chair."

There is no indication in the motion to withdraw the plea or in the evidence on the hearing that the movant had any defense to the charge against him except that of insanity. The evidence authorized a finding by the trial judge that the movant was not coerced into making a plea of guilty, and that he was mentally competent to understand the plea which he made.

The act of 1956 (Ga. L. 1956, p. 737; Code, Ann., § 27-2528) provides: "Any person who has been indicted for a capital felony may enter a plea of guilty at any time after his indictment, and the judge of the superior court having jurisdiction, may, in his discretion, during term time or vacation, and without the necessity of a recommendation of mercy by a jury, sentence such person to life imprisonment, or to any lesser punishment authorized by law for the offense named in the indictment." Under this provision, the trial judge was authorized to sentence the movant to life imprisonment under his plea of guilty, and no illegality is shown in the judgment or sentence.

*Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

The motion for rehearing of the movant recites that this court

issued an order to the Clerk of the Superior Court of Fulton County to transmit to us a properly certified copy of the traverse of the State to the motion to withdraw the plea of guilty. It is asserted that neither the movant nor his counsel was ever served with such a traverse, and that the brief of evidence did not specify such a traverse.

In the brief of the Solicitor-General filed in this court the statement was made that the State's traverse and the order of the court authorizing the submission of affidavits "appear to have been inadvertently omitted from the record." This court, in an abundance of precaution to assure the full protection of the legal rights of the movant, desired to know whether the solicitor had made any admission favorable to the movant, and ordered the clerk of the trial court to transmit the State's traverse to this court, under the ample authority to order such a record given by Code § 6-810 (4). Since there was no admission favorable to the movant in the traverse, no ruling in the opinion was predicated on the traverse, and it was merely mentioned in the statement of facts to show the sequence of events. A complete disregard of the traverse could make no difference in the judgment rendered by this court.

The only other contention made by the motion for rehearing is a quotation from *Strickland* v. *State*, 199 *Ga.* 792 (35 S. E. 2d 463), which case was cited in the opinion. The facts in the *Strickland* case are not in point with those in the present case.

*Judgment adhered to on motion for rehearing. All the Justices concur.*