39463.   BOBO v. THE STATE.

DECIDED MAY 25, 1962.

*Cook & Palmour, Bobby Lee Cook,* for plaintiff in error.
*Chastine Parker, Solicitor General, Horace T. Clary,* contra.

FRANKUM, Judge. ■ Margaret Ware, a witness for the State, testified in substance that the defendant, who was carrying a gun, and another person came to the room of Sol Ricks, which was in the same house where she maintained her living quarters; that an altercation ensued between the defendant and Sol Ricks concerning some whisky; that she went out into the yard, and after a while her nephew (the deceased) arrived by taxi; that he walked into the yard and exchanged greetings with her, and after she and her nephew had a short conversation, they walked up to the steps leading to the porch of the house; that the defendant, his companion and Sol Ricks were standing on the porch; and that as they started up the steps the defendant "threw up" his gun and shot the deceased, thereby killing him.

112

During the course of her testimony she said that when the deceased came into the yard he asked her: "How is your arm?" And she testified: ". . . and I told him, and he stood there and then he looked up. He had his hat sitting half way on his head, and he said, 'What's the excitement?', but he didn't say it that loud. I said, 'Bobo is up here on Sol Ricks about his whisky.' He said, 'Do you know anything about it?', and I said, 'No, I don't know nothing about them men going around here stealing whisky at night.' "

Counsel for the defendant objected to the above quoted testimony concerning the conversation she had with her nephew, the deceased, upon the ground that such testimony was hearsay. The court overruled the objection, and in special ground 1 of the defendant's motion for a new trial, he assigns this ruling as error.

While we are of the opinion that the witness' account of what the deceased said to her was hearsay (assuming, but not deciding, that the conversation would not come within any of the exceptions to the hearsay rule, see *Ponder v. State*, 87 Ga. 262, 13 SE 464), the fact that the testimony contains hearsay does not, ipso facto, require a reversal of the case. "Legal error is a compound of both error and injury. In the absence of either constituent element the grant of a new trial is not warranted." *Harrison v. Hester*, 160 Ga. 865 (3), supra. See *Holcombe v. Jones*, 197 Ga. 825 (3) (30 SE2d 903). It is readily apparent that the quantum of hearsay in the above testimony amounted only to questions the deceased asked the witness, and such questions were not statements of fact relevant to the issue being tried. We cannot see how the defendant could have been prejudiced or harmed. See *Maddox v. City of Dublin*, 18 Ga. App. 614 (89 SE 1090); *Garnett v. State*, 10 Ga. App. 109 (72 SE 951). The other portion of the witness' testimony was her own direct evidence and not hearsay.

The witness had previously testified that when the defendant entered Sol Ricks' room he said: "Where is my whisky? If my whisky is gone I'll blow your G.D. brains out." The conversation concerning the whisky was one of the facts and circumstances of the case to which this witness had testified directly

without objection. Therefore, this ground does not show reversible error for any of the reasons assigned therein.

■ In special ground 2 of his motion for a new trial the defendant contends that the court erred in instructing him as follows: "Mr. Bobo, you are the defendant. You are charged with murder. You have a right to make to the court and jury such statement in your own behalf as you see fit. No one can ask you any questions. Now talk out loud and tell these ladies and gentlemen what you have to say." The defendant contends that by this instruction he was denied the guiding hand of his counsel during this critical period of the trial, which violated his constitutional rights guaranteed by the Fourteenth Amendment to the Constitution of the United States.

Under the rule that this court has jurisdiction of cases involving the application of well known, unambiguous constitutional provisions to particular fact situations (although it is sometimes difficult to determine between an application and a construction of a constitutional provision), this court has jurisdiction of the instant case. *Harrold v. State,* 217 Ga. 612 (124 SE2d 73); *Dade County v. State of Ga.,* 201 Ga. 241 (39 SE2d 473); *Sellers v. State,* 207 Ga. 249 (61 SE2d 145). The facts in the instant case are controlled by the ruling of *Frashier v. State,* 217 Ga. 593 (124 SE2d 279). Nowhere in this ground is it shown that during the trial of the case the defendant objected to the court's instruction to him, or in any way raised any question regarding the same, until he filed his motion for a new trial. Special ground 2 is without merit.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*