### 23211. WEBB v. WHITLEY et al., Trustees.

MOBLEY, Justice. The appellant, Mrs. Ruby M. Webb, was awarded a widow's pension payable monthly, it being paid from September 1952, until December 1953, at which time the amount was reduced pursuant to action taken by the Trustees of the Firemen's Pension Fund of the City of Atlanta. Mrs. Webb filed her application for pension adjustment with the trustees which application was denied by them. Appellant filed an appeal to the Superior Court of Fulton County alleging that the decision of the trustees in denying her the rightful amount due under the pension fund laws violated certain provisions of the State and Federal Constitutions. The superior court overruled and denied the appeal as well as appellant's motion for new trial on that order. The appeal to this court is on the denial of the motion for new trial, and error is assigned upon the decision of the trustees as being in violation of Art. I, Sec. III, Par. II (*Code Ann.* § 2-302) of the Constitution of the State of Georgia prohibiting ex post facto laws impairing the obligation of contracts, Art. XII, Sec. I, Par. V (*Code Ann.* § 2-8505) of the Constitution of the State of Georgia of 1877 protecting vested rights, and Art. I, Sec. X, Par. I of the Constitution of the United States (*Code* § 1-134) protecting against the impairment of the obligation of contracts, and upon the order of the superior court in overruling appellant's motion for new trial. *Held:*

This appeal raises the question of the constitutional propriety of the decision of the Board of Trustees of the Firemen's Pension Fund denying to appellant the amount of pension she is claiming. It is contended that said decision violates certain constitutional provisions hereinbefore mentioned but these provisions are not questioned as to their meaning and no statute is drawn in question as being contrary to the State or Federal Constitution.

In our view, this appeal involves "the mere application of unquestioned and unambiguous provisions of the Constitution

to a given state of facts" and therefore the Court of Appeals and not the Supreme Court of Georgia has jurisdiction of this case. *Sellers v. State,* 207 Ga. 249 (61 SE2d 145); *Gaines v. State,* 205 Ga. 210 (52 SE2d 847); *Loomis v. State,* 203 Ga. 394 (47 SE2d 58); *Smith v. State,* 201 Ga. 200 (39 SE2d 313). There being no other basis to confer jurisdiction upon this court, the case is accordingly

*Transferred to the Court of Appeals. All the Justices concur.*

Submitted November 9, 1965—Decided January 6, 1966.

*Sheats, Parker & Webb, Guy Parker, Kilpatrick, Cody, Rogers, McClatchey & Regenstein,* for appellant.

*Henry L. Bowden, Ferrin W. Mathews,* for appellees.