45024, 45025. LITTLE v. THE STATE (two cases).

QUILLIAN, Judge. In Case 45024, the defendant was indicted, tried and convicted of the offense of burglary. In Case 45025, the defendant was indicted, tried and convicted of the offense of possession of burglary tools. In both cases, the defendant appeals from the judgment of conviction and the overruling of his motion for new trial. Since these cases involve identical issues, they are considered together. *Held:*

1. The evidence reveals that the defendant and another individual were arrested by the police officers in front of the building in question; that there was a hole made in the roof of the building which was large enough to admit a man; that a safe in the building had been moved and was partially ripped open; that on the floor in front of the safe were several items stipulated to be a set of burglary tools. There also was testimony that the clothing of the defendant showed dirt spots and dust, and one of the witnesses for the State stated that fire clay, a substance used in the manufacture of safes, was present in the burglarized premises and on the clothing of the defendant. The defense offered evidence that the defendant went to the restaurant looking for his son.

The enumerations of error on the grounds that the evidence was insufficient to authorize a verdict are without merit.

2. Prior convictions of the defendant were alleged in the indictment and were admitted in evidence over objection. The defendant was tried before a judge sitting without a jury. Thus, the defendant contends that alleging the prior convictions in the indictment violated the 6th and 14th Amendments of the U. S. Constitution and denied the defendant the opportunity to a trial by a fair and impartial jury and caused the defendant to involuntarily waive his right to a trial by jury guaranteed him by the Constitution.

The contentions made have been decided adversely to the defendant by the Georgia Supreme Court. See *Tribble v. State,* 168 Ga. 699 (1, 2) (148 SE 593); *Kryder v. State,* 212 Ga. 272 (1) (91 SE2d 612); *Coleman v. State,* 215 Ga.

865 (2) (114 SE2d 2); *Studdard v. State,* 225 Ga. 410 (1) (169 SE2d 327); *Croker v. Smith,* 225 Ga. 529, 531 (169 SE2d 787); *Landers v. Smith,* 226 Ga. 274. See also Spencer v. Texas, 385 U. S. 554 (87 SC 648, 17 LE2d 606).

3. The defendant contends that the court erred in admitting into evidence over objection certain prior indictments and convictions on the ground that they occurred in 1953 which was prior to the Second Offenders Statute (*Code Ann.* § 27-2511; Ga. L. 1953, Nov. Sess., pp. 289, 290) upon which the defendant was sentenced to the maximum term. The defendant argues that to give the statute retroactive effect would be in violation of the constitutional prohibition against retroactive criminal statutes. On the trial of the case, the only other ground of objection to introduction of the indictments was "their remoteness to this crime now charged in that the last of the three charges occurred in 1953, which is some 16 years ago."

Since no objection was made on the constitutional grounds now being urged, this ground is without merit. *Shepherd v. City of Jackson,* 18 Ga. App. 216 (89 SE 161); *Bobo v. State,* 106 Ga. App. 111, 113 (126 SE2d 286); *Calhoun v. State,* 211 Ga. 112, 113 (84 SE2d 198). Furthermore, the ground is not meritorious for two additional reasons. (1) Under that which was held in *Kryder v. State,* 212 Ga. 272, 273 supra, the latter portion of *Code Ann.* § 27-2511 which was added in 1953 (Ga. L. 1953, Nov. Sess., pp. 289, 290) is not applicable at the trial, and the former portion, which is applicable, was in effect prior to any of the offenses named in the indictment. (2) Even if this were not true, the United States Supreme Court has held that recidivistic laws are not violative of the ex post facto prohibition of the Constitution since they relate to punishment for future crimes. McDonald v. Massachusetts, 180 U. S. 311 (21 SC 389, 45 LE 542), and Gryger v. Burke, 334 U. S. 728, 732 (68 SC 1256, 92 LE 1683).

*Judgments affirmed. Bell, C. J., and Whitman, J., concur.*

SUBMITTED JANUARY 6, 1970—DECIDED MAY 25, 1970.

*Stanley H. Nylen,* for appellant.

*Lewis R. Slaton, District Attorney, J. Roger Thompson, Tony H. Hight, Carter Goode,* for appellee.