## 26285.   LITTLE v. STYNCHCOMBE.

UNDERCOFLER, Justice. The appellant was tried on two indictments which charged him with burglary and with possession of burglary tools. A jury was waived by the appellant's counsel and after a full trial the court, sitting as judge and jury, convicted him and sentenced him to 20 years in the penitentiary for burglary and 10 years for possession of burglary tools. The sentences were to run concurrently. The convictions were appealed and affirmed by the Court of Appeals. *Little v. State,* 121 Ga. App. 792 (175 SE2d 922).

After the affirmance of his convictions, the appellant filed an application for the writ of habeas corpus raising certain constitutional questions. After hearing evidence, the trial court remanded him to the custody of the appellee. The appeal is from that judgment. *Held:*

1. The appellant contends that his convictions were violative of the constitutional rights granted by the Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States (*Code* §§ 1-805, 1-806, 1-815) and Art. I, Sec. I, Pars. III and V of the Georgia Constitution (*Code Ann.* §§ 2-103, 2-105) because the waiver of a trial by a jury was not personally made by him.

The evidence in this case shows that counsel for the appellant waived a jury trial and that he was an able and experienced

trial lawyer who had represented the appellant in criminal cases for the last 20 years. Before the trial began, the defendant asked his counsel why he was not being tried before a jury. Counsel told him he was being tried as a second offender, that on conviction by a jury, it was mandatory that he be sentenced to 20 years in the penitentiary, whereas the court could exercise its discretion and might not give him the maximum punishment. The appellant then made no objection to his counsel's action and did not request a jury trial. The appellant had a full trial before the court.

It was unanimously held by this court in *Archer v. Clark,* 202 Ga. 229, 231 (42 SE2d 924) that: "It would be trifling with the court to allow the client, after keeping silent in the presence of the court while his attorney entered a plea of guilty in his behalf and the court acting thereon imposed the sentence, to deny thereafter the authority of his attorney to enter the plea or to deny his approval of such action by his attorney. Had he had any objection, he should have made it known at the time and before the court acted thereon." Also see, *Dutton v. Parker,* 222 Ga. 532 (150 SE2d 833).

It follows that there is no merit to the contention of the appellant that he must personally waive his right to a jury trial.

2. Counsel for the appellant attempted to have a witness testify that another person had made statements admitting the crimes for which the appellant was convicted. The State objected to such evidence on the basis that it was hearsay.

*Code* § 38-301 provides: "Hearsay evidence is that which does not derive its value solely from the credit of the witness, but rests mainly on the veracity and competency of other persons. The very nature of the evidence shows its weakness, and it is admitted only in specified cases from necessity." Furthermore, "Declarations by another person to the effect that he, and not the accused, was the actual perpetrator of the offense, are not admissible in favor of the accused upon his trial." *Bryant v. State,* 197 Ga. 641 (9) (30 SE2d 259); *Robinson v. State,* 114 Ga. 445 (40 SE 253); *Beach v. State,* 138 Ga. 265 (75 SE 139).

3. The other enumerations of error are not argued in this court and are considered abandoned.

4. The trial court properly remanded the appellant to the custody of the appellee.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 14, 1971—DECIDED FEBRUARY 15, 1971.

*Neil Heimanson,* for appellant.

*Lewis R. Slaton, District Attorney, Stephen A. Land, J. Roger Thompson, Tony H. Hight,* for appellee.