## 51006. NORWOOD v. THE STATE.

CLARK, Judge.

Norwood and Gordon were jointly indicted for violations of the Georgia Controlled Substances Act. The two-count indictment charged the defendants with possession of heroin and possession of cocaine. Defendants were tried jointly before a jury and both were found guilty on the two counts. Norwood alone appeals from the denial of his motion for a new trial and from the judgment. *Held:*

1. The drugs allegedly possessed by the defendants were seized by agents of the Drug Enforcement Administration as they were being transferred from Gordon's car into appellant's vehicle. The agents, who had been maintaining a surveillance of Gordon, seized narcotics from both cars, although they had previously obtained a search warrant against Gordon's vehicle only. Appellant contends that the warrant was not issued upon probable cause and that, in any event, the officers' search of appellant's vehicle, not named in the warrant, was illegal.

The affidavit upon which the warrant was issued recited the following facts: "I have received information from a confidential and reliable informant who has furnished me information in the last six months which has proven to be reliable in that it has led to the arrest of five people and the seizure of heroin and other dangerous drugs, that the accused [Gordon] is now and has in the past stored, concealed, and sold heroin and cocaine in the above described apartment. The informant stated that he has personally been present when the accused made sales of heroin to people known to the informant as heroin

dealers. The informant stated that the method of operation for subject Gordon was to hide the drugs in a[n] old car somewhere in the neighborhood and to go to that car prior to making a sale. Subject Gordon was observed to go to such a car on August 27, 1974 at approximately 2:00 p.m. and remove a paper sack. At approximately 11:00 a.m. on August 28, 1974, subject Gordon again went to the auto, removed a package and made a suspected sale at the intersection of Godby Road and Old National Highway. The informant further stated that he has seen paper and other records of drug sales in Gordon's apartments [sic] and has seen drugs being used in the apartment. The informant stated that he saw drugs in the apartment during the week of August 26, 1974. This information was furnished to me during the week of August 26, 1974."

It is readily apparent from a reading of the affidavit that the two-pronged test established in Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723), and Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637), was satisfied here. The reliability of the informant was properly shown. See *Sams v. State,* 121 Ga. App. 46, 48 (172 SE2d 473). The affidavit specifically stated how the informant obtained his information as to the possession and location of the drugs. In addition, the affidavit's detailed description of the criminal activity was corroborated by the agents' observations immediately preceding the seizure. We thus conclude that the affidavit was sufficient to establish probable cause.

2. While the warrant was sufficient so as to authorize the search of Gordon's car, did the agents possess probable cause to search appellant's vehicle? We recognize "that searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to few specifically established and well-delineated exceptions." Katz v. United States, 389 U. S. 347, 357 (88 SC 507, 19 LE2d 576). One such exception is the warrantless search of an automobile where probable cause exists and where it appears necessary to prevent the imminent removal or destruction of contraband. See Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LE 543); *Register v. State,* 124 Ga. App. 136

(183 SE2d 68); *Walker v. State,* 130 Ga. App. 860 (205 SE2d 49).

Sub judice, the agents were authorized, under the warrant, to search Gordon's car. Since they had probable cause to believe that drugs were being maintained in the Gordon vehicle, their observation of the transfer of a large bag into appellant's car gave them probable cause to search that vehicle as well. Under the exigent circumstances that existed, the search of appellant's car was both reasonable and constitutionally permissible. The drugs, which were present in both vehicles and which were seen in the joint possession of the defendants immediately prior to the seizure, were properly admitted in evidence against both defendants. Appellant's enumeration is therefore without merit.

3. One of the agents who maintained a surveillance of Gordon testified as to a meeting between Gordon and "Pat Gonzales, who was a known narcotic violator." The statement was made in the context of describing Gordon's activities on the day of his arrest. Attorneys for both defendants objected to the unsolicited remark of the witness and requested that the jury be instructed to disregard the statement. The trial judge refused, stating that he considered the statement to be without prejudicial effect. Appellant now enumerates error upon this ruling.

The reference to Gonzales as a "known narcotic violator" was clearly improper hearsay. Before a new trial will be granted, however, an appellant must meet his burden of showing injury as well as error. *Christian v. State,* 41 Ga. App. 565, 566 (153 SE 780); *Mahone v. State,* 120 Ga. App. 234 (3) (170 SE2d 48); *Estep v. State,* 129 Ga. App. 909, 913 (201 SE2d 809). We are unconvinced that the statement complained of could have caused prejudice or harm to appellant. While Gonzales was seen with co-defendant Gordon, he was not linked with appellant in any way. Moreover, the hearsay was not a statement of fact relevant to any issue being tried. Under these circumstances, we are unable to discern in what manner appellant's defense might have been harmed. As appellant has not demonstrated prejudicial error, this enumeration does not warrant the grant of a new trial. See *Bobo v. State,* 106 Ga. App. 111 (126 SE2d 286).

4. Appellant argues that the evidence was insufficient to support the verdict in that there was no proof of criminal intent. We disagree. The jury could properly have inferred the requisite intent to possess the drugs from the testimony of two agents who saw appellant look into the bag containing the narcotics prior to placing them in the trunk of his car "[K]nowledge may be inferred from circumstances [cit.], and the intention with which an act is done is peculiarly for the jury [cit.], in support of whose verdict of guilty we, on appeal, must construe every inference. [Cit.]" *Golson v. State,* 130 Ga. App. 577, 579 (203 SE2d 917); *Haire v. State,* 133 Ga. App. 12, 13 (209 SE2d 681). As the evidence was sufficient to support the verdict, appellant's enumerations of error on the general grounds and on the trial court's refusal to grant him a directed verdict are without merit.

5. Appellant's remaining enumeration challenges the trial court's denial of his motion for new trial based upon newly discovered evidence. During the sentencing phase of the trial, Gordon's attorney stated that he had been authorized by Gordon to inform the court that "Lonnie Norwood did not know about any of the contraband in the car when he came to that intersection to give him [Gordon] a boost to start the Mercury." On the basis of this statement, counsel for appellant presented the motion for new trial and submitted his own affidavit in support thereof.

"[I]t is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) *that the affidavit of the witness himself should be procured or its absence accounted for;* and [6] that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness." (Emphasis supplied.) *Burge v. State,* 133 Ga. 431, 432 (66 SE 243); *Bell v. State,* 227 Ga. 800 (183 SE2d 357); *Walters v. State,* 128 Ga. App. 232 (196 SE2d 326).

We need not consider whether appellant has satisfied

each of the stated conditions, since it is clear that the fifth requirement was not met here. The statement of Gordon's counsel is unsupported by an affidavit from the intended witness Gordon. There appears to be no reason for the failure to procure Gordon's affidavit and its absence is unaccounted for. As the motion for new trial did not satisfy the conditions required for its grant, the trial court did not err in denying the motion.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 3, 1975 — DECIDED NOVEMBER 4, 1975 — REHEARING DENIED NOVEMBER 26, 1975.

*Paul S. Weiner, Paul McGee,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Jack E. Mallard, Assistant District Attorneys,* for appellee.