**Howard WILKERSON, Jr.,
Plaintiff-Appellant,**

v.

**L. Keith TURNER, Warden and Arthur
K. Bolton, Attorney General of
Georgia, Defendants-Appellees.**

No. 81–7734.

United States Court of Appeals,
Eleventh Circuit.

Dec. 6, 1982.

James C. Bonner, Jr., Legal Aid and Defender Society, Athens, Ga., for plaintiff-appellant.

Susan V. Boleyn, Asst. Atty. Gen., Atlanta, Ga., for defendants-appellees.

Before HILL and HENDERSON, Circuit Judges, and GARZA,* Senior Circuit Judge.

---

* Honorable Reynaldo G. Garza, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

JAMES C. HILL, Circuit Judge:

During the afternoon of Easter Sunday in March 1975, Mr. Wilson Camp's residence in Columbus, Georgia was burglarized. Among the items stolen were a quantity of silver which showed up at an Atlanta flea market several weeks later, when a friend of Mr. Camp's happened to recognize the stolen property. Tracing the merchant's bill of sale, which had been executed approximately thirty hours after the burglary, led to the defendant, Howard Wilkerson, who had sold the merchant the silver. Mr. Wilkerson was then picked up and arrested for burglary. There were no eyewitnesses to the crime or connections between the defendant and this crime other than the bill of sale with his name on it.

At trial, the defendant attempted to establish an alibi for the day of the burglary through several witnesses' testimony which placed him in Atlanta on Easter Sunday, rather than in Columbus, Georgia. The defendant testified that the sale by him of the silver was a favor he had done for a Mr. Richard Smith, who assured both the defendant and the merchant that the silver was not stolen. The defendant denied any role in the incident other than being a "middleman" who received nothing for his participation in the sale.

Prior to trial, the defendant and his counsel located Mr. Smith in an Alabama jail and fruitlessly attempted to have him brought to Georgia to testify. Subsequently, the defendant's counsel arranged with Mr. Smith's attorney to interview Mr. Smith at the jail in Alabama. On June 30, 1975, in the presence of Mr. Smith's attorney, a couple of Alabama officials, the defendant and his lawyer, Mr. Smith executed an affidavit confessing to the burglary of Wilson Camp's home, thus exonerating the defendant and providing corroboration for defendant's account of the sale of the silver.

Based on the affidavit, the defendant's counsel attempted unsuccessfully to have Mr. Smith relocated to a Phenix City jail in Alabama because this was just a few miles from Columbus, Georgia where the trial was to take place. Next, counsel obtained an order from the Muscogee Superior Court, where the defendant was to stand trial, stating that Mr. Smith was a necessary and material witness and therefore the court recommended that Alabama allow Mr. Smith to be produced in Georgia at the defendant's expense. This too, accomplished nothing, because Alabama refused to honor the request.

As the time of trial approached, counsel filed a writ of habeas corpus ad testificadum in the appropriate Alabama court. On the day before trial was scheduled in Columbus, the Alabama judge signed an order refusing to entertain the petition. On the day of trial, counsel futilely attempted to have the case removed to district court where jurisdiction over Mr. Smith could be obtained. Finally, trial counsel requested a continuance so he could appeal the previous Alabama court ruling, but because he could not assure the court that Smith could be produced during the following term, the motion was denied.[1]

Prior to trial, counsel had also attempted, to no avail, through the Georgia District Attorney to have the charges against the defendant dropped based on the affidavit. Both prior to and during trial, the prosecution made it clear that it would not consent to any use of Mr. Smith's confession.

Under Georgia laws of evidence, the affidavit containing the confession was considered hearsay and not within any exception.[2] Therefore, the affidavit was not admitted into evidence. Consequently the

---

[1] Under the laws of Georgia an application for continuance must meet certain requirements among which are: the witness is not over one hundred miles away and that the moving party expects to procure the testimony by the next term of court. Ga.Code Ann. § 81–1410 (1980). Because counsel could not promise that Mr. Smith's testimony would be available

by the next term, the court was forced to deny the request for continuance.

[2] Georgia recognizes an exception to the hearsay rule for declarations against pecuniary interest, but not for declarations against penal interest. *See Little v. Stynchcombe,* 227 Ga. 311, 180 S.E.2d 541 (1971).

jury was never informed of Mr. Smith's confession. The defendant was convicted of burglary and sentenced to twenty years.

The defendant appealed the conviction raising the denial of the continuance and the exclusion of the confession as error. The Georgia State Court of Appeals affirmed the conviction. Defendant filed a petition for a writ of habeas corpus in the Superior Court of Bibb County, Georgia, and after an evidentiary hearing the state court denied relief. Defendant also filed an application for a certificate of probable cause appeal to the Supreme Court of Georgia, which was also denied.

Appellant then filed an application for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (1976) in the United States District Court for the Middle District of Georgia. The federal court denied relief based on its conclusion that the state court's findings of fact were entitled to a presumption of correctness. The defendant now appeals the order of the district court denying him habeas corpus relief.

### I.

The district court, in denying the defendant's petition for habeas corpus relief, concluded that because the defendant had a full and fair evidentiary habeas hearing at the state level, the Judge's findings of fact were entitled to a presumption of correctness pursuant to 28 U.S.C. § 2254(d). Although it is correct that findings of fact in a case such as this are entitled to a presumption of correctness, the facts are not in real dispute. The defendant raises a question of law.

 Defendant's petition asserted that he was denied certain constitutional rights as a result of the denial of a continuance and the exclusion of the alleged confession. A federal court is not bound by a state court's determination of a question of law or a mixed question of law and fact. *Dickerson v. State of Alabama*, 667 F.2d 1364, 1368 (11th Cir.1982); *see also Cuyler v. Sullivan*, 446 U.S. 335, 341–42, 100 S.Ct. 1708, 1714–15, 64 L.Ed.2d 333 (1980); *Panzavecchia v. Wainwright*, 658 F.2d 337, 339 (5th Cir.1981). Accordingly, the district court erred in not resolving the petitioner's constitutional claims.

### II.

 In the present appeal, the defendant was denied his right to compel the attendance of a witness due to the Georgia and Alabama state laws.[3] He was further denied the opportunity to have the evidence of the confession admitted for the jury to hear due to the Georgia Code of Evidence.[4]

The issue of whether the exclusion of hearsay proof of confession in a case such as presented here based on a state evidence code section has been resolved by the United States Supreme Court. In *Green v. Georgia*, 442 U.S. 95, 99 S.Ct. 2150, 60 L.Ed.2d 738 (1979), the defendant, was one of two men convicted by a Georgia state court for rape and murder. During a second proceeding to determine whether capital punishment should be imposed, the petitioner sought to introduce testimony from a third party which would explain that the defendant was not present when the murder took place. Rather, the other party convicted for the same murder was the one who did the act. The trial court refused to admit the testimony, ruling it was inadmissible hearsay under the Georgia Code of Evidence.

The Supreme Court held that, "[r]egardless of whether the proffered testimony comes within Georgia's hearsay rule, under the facts of this case its exclusion constituted a violation of the Due Process Clause of the Fourteenth Amendment." *Id.* at 97, 99

---

**3.** At the time Mr. Wilkerson went to trial neither Georgia or Alabama had adopted the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings. This Act provides a procedure for compelling witnesses from outside the state. Georgia and Alabama have since adopted the Act. Defense counsel had fervently attempted every alternative to acquire either Mr. Smith or his testimony under the law of Georgia; however, there was no procedure available at the time which would allow the Georgia court to compel Mr. Smith's attendance.

**4.** *See supra,* note 2.

S.Ct. at 2151. The court noted that the information excluded was highly relevant to the issue of punishment and that there was sufficient reason to believe the information was reliable. *Id.*

In an earlier Supreme Court case, *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1972), the petitioner was convicted for murder and appealed claiming a denial of due process. Petitioner called as his own witness, Mr. McDonald, a party who had made a written confession to the crime but had later repudiated the confession. The witness on direct examination admitted to making the confession and on cross-examination affirmed his repudiation of the confession. At that point the petitioner wanted to cross-examine the witness but was not allowed to because of the "voucher" rule under Mississippi law. The rule does not allow impeachment of one's own witness unless the witness is "adverse." The trial court determined that although the witness may have been hostile, he was not adverse. The petitioner was prepared to come forth with other witnesses who would testify that McDonald also confessed to them, however, their testimony was not permitted because of the state's "party witness" hearsay rule.

> The Supreme Court reversed holding that [t]he right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations. The rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process.

*Id.* at 294, 93 S.Ct. at 1045, *see In re Oliver*, 333 U.S. 257, 273, 68 S.Ct. 499, 507, 92 L.Ed. 682 (1948); *see also, Morrissey v. Brewer*, 408 U.S. 471, 488–89, 92 S.Ct. 2593, 2603–04, 33 L.Ed.2d 484 (1972); *Specht v. Patterson*, 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326 (1967). The Court further held "[i]n these circumstances, where the constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied

mechanistically to defend the ends of justice." *Id.* 410 U.S. at 302, 93 S.Ct. at 1049.

Although not every denial of a motion for continuance to obtain witnesses will violate an accused's right to compulsory process, *see Dickerson v. State of Alabama*, 667 F.2d 1364, 1370–71 (11th Cir.1982); *McKinney v. Wainwright*, 488 F.2d 28, (5th Cir.), *cert. denied*, 416 U.S. 973, 94 S.Ct. 1998, 40 L.Ed.2d 562 (1974), and not every exclusion of hearsay testimony will violate an accused's right to due process, *see Chambers v. Mississippi*, 410 U.S. 284, 302–03, 93 S.Ct. 1038, 1049–50, 35 L.Ed.2d 297 (1972), when there is a confession and, as in this case, the circumstances present a compelling case of the reliability [5] and important relevance of the excluded testimony, the trial of such a case without the confession being made known to the jury fails to provide due process of the law.

The judgment denying the writ of habeas corpus is REVERSED and the case is REMANDED to the district court to grant the writ. However, the district judge may condition the grant upon the failure of the state to retry the defendant within a reasonable period of time.

---

5. There was sufficient indicia of reliability in the confession made by Mr. Smith to the extent that his own lawyer was present at the time the confession was made.