GREEN *v.* GEORGIA

No. 78–5944.   Decided May 29, 1979

PER CURIAM.

Petitioner and Carzell Moore were indicted together for the rape and murder of Teresa Carol Allen.   Moore was tried separately, was convicted of both crimes, and has been sentenced to death.   See *Moore* v. *State,* 240 Ga. 807, 243 S. E. 2d 1, cert. denied, 439 U. S. 903 (1978).   Petitioner subsequently was convicted of murder, and also received a capital sentence.   The Supreme Court of Georgia upheld the conviction and sentence, 242 Ga. 261, 249 S. E. 2d 1 (1978), and

petitioner has sought review of so much of the judgment as affirmed the capital sentence. We grant the motion for leave to proceed *in forma pauperis* and the petition for certiorari and vacate the sentence.

The evidence at trial tended to show that petitioner and Moore abducted Allen from the store where she was working alone and, acting either in concert or separately, raped and murdered her. After the jury determined that petitioner was guilty of murder, a second trial was held to decide whether capital punishment would be imposed. See Ga. Code § 27–2503 (1978). At this second proceeding, petitioner sought to prove he was not present when Allen was killed and had not participated in her death. He attempted to introduce the testimony of Thomas Pasby, who had testified for the State at Moore's trial. According to Pasby, Moore had confided to him that he had killed Allen, shooting her twice after ordering petitioner to run an errand. The trial court refused to allow introduction of this evidence, ruling that Pasby's testimony constituted hearsay that was inadmissible under Ga. Code § 38–301 (1978).[1] The State then argued to the jury that in the absence of direct evidence as to the circumstances of the crime, it could infer that petitioner participated directly in Allen's murder from the fact that more than one bullet was fired into her body.[2]

---

[1] Georgia recognizes an exception to the hearsay rule for declarations against pecuniary interest, but not for declarations against penal interest. See 242 Ga. 261, 269–272, 249 S. E. 2d 1, 8–9 (1978), quoting *Little* v. *Stynchcombe,* 227 Ga. 311, 180 S. E. 2d 541 (1971).

[2] The District Attorney stated to the jury:

"We couldn't possibly bring any evidence other than the circumstantial evidence and the direct evidence that we had pointing to who did it, and I think it's especially significant for you to remember what Dr. Dawson said in this case. When the first shot, in his medical opinion, he stated that Miss Allen had positive blood pressure when both shots were fired but I don't know whether Carzell Moore fired the first shot and handed the gun to Roosevelt Green and he fired the second shot or whether it was vice versa or whether Roosevelt Green had the gun and fired the shot or

Regardless of whether the proffered testimony comes within Georgia's hearsay rule, under the facts of this case its exclusion constituted a violation of the Due Process Clause of the Fourteenth Amendment. The excluded testimony was highly relevant to a critical issue in the punishment phase of the trial, see *Lockett* v. *Ohio,* 438 U. S. 586, 604–605 (1978) (plurality opinion); *id.,* at 613–616 (opinion of BLACKMUN, J.), and substantial reasons existed to assume its reliability. Moore made his statement spontaneously to a close friend. The evidence corroborating the confession was ample, and indeed sufficient to procure a conviction of Moore and a capital sentence. The statement was against interest, and there was no reason to believe that Moore had any ulterior motive in making it. Perhaps most important, the State considered the testimony sufficiently reliable to use it against Moore, and to base a sentence of death upon it.[3] In these unique circumstances, "the hearsay rule may not be applied mechanistically to defeat the ends of justice." *Chambers* v. *Mississippi,* 410 U. S. 284, 302 (1973).[4] Because the exclusion of Pasby's testimony denied petitioner a fair trial on the issue of punishment, the sentence is vacated and the case is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL, adhering to their view that the death penalty is in all circum-

---

Carzell Moore had the gun and fired the first shot or the second, but I think it can be reasonably stated that you Ladies and Gentlemen can believe that each one of them fired the shots so that they would be as equally involved and one did not exceed the other's part in the commission of this crime." Pet. for Cert. 10.

[3] A confession to a crime is not considered hearsay under Georgia law when admitted against a declarant. Ga. Code § 38–414 (1978); *Green* v. *State,* 115 Ga. App. 685, 155 S. E. 2d 655 (1967).

[4] See Westen, Confrontation and Compulsory Process: A Unified Theory of Evidence for Criminal Cases, 91 Harv. L. Rev. 567, 592–593 (1978).

stances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227, 231 (1976), would vacate the death sentence without remanding for further proceedings.

MR. JUSTICE REHNQUIST, dissenting.

The Court today takes another step toward embalming the law of evidence in the Due Process Clause of the Fourteenth Amendment to the United States Constitution. I think it impossible to find any justification in the Constitution for today's ruling, and take comfort only from the fact that since this is a capital case, it is perhaps an example of the maxim that "hard cases make bad law."

The Georgia trial court refused to allow in evidence certain testimony at petitioner's sentencing trial on the ground that it constituted inadmissible hearsay under Ga. Code § 38–301 (1978). This Court does not, and could not, dispute the propriety of that ruling. Instead, it marshals a number of ad hoc reasons why Georgia should adopt a code of evidence that would allow this particular testimony to be admitted, and concludes that "[i]n these unique circumstances, 'the hearsay rule may not be applied mechanistically to defeat the ends of justice.'" *Ante,* at 97.

Nothing in the United States Constitution gives this Court any authority to supersede a State's code of evidence because its application in a particular situation would defeat what this Court conceives to be "the ends of justice." The Court does not disagree that the testimony at issue is hearsay or that it fails to come within any of the exceptions to the hearsay rule provided by Georgia's rules of evidence. The Court obviously is troubled by the fact that the same testimony was admissible at the separate trial of petitioner's codefendant at the behest of the State. But this fact by no means demonstrates that the Georgia courts have not evenhandedly applied their code of evidence, with its various hearsay exceptions, so as to deny

petitioner a fair trial. No practicing lawyer can have failed to note that Georgia's evidentiary rules, like those of every other State and of the United States, are such that certain items of evidence may be introduced by one party, but not by another. This is a fact of trial life, embodied throughout the hearsay rule and its exceptions. This being the case, the United States Constitution must be strained to or beyond the breaking point to conclude that all capital defendants who are unable to introduce all of the evidence which they seek to admit are denied a fair trial. I therefore dissent from the vacation of petitioner's sentence.