**Jesus GUTIERREZ, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 7110.**

Court of Appeals of Alaska.

Dec. 23, 1983.

**288**

Daniel T. Saluri, Fairbanks, for appellant.

Richard W. Maki, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

On March 29, 1982, Fairbanks police officers executed a search warrant at a residence which was sublet to Constantine Malkin. At the time of the search, Jesus Gutierrez was also staying in the residence, and had apparently stayed there for several days. In Malkin's bedroom, underneath Malkin's bed, Officer Frank Colletta found a silver metallic briefcase. The briefcase was shut and had a combination lock. Officer Coletta asked Malkin and Gutierrez for the combination. Gutierrez remained silent and Malkin said he had forgotten the combination. Colletta pried open the briefcase and found that it contained personal papers belonging to Gutierrez and several bags which contained a total of nineteen ounces of cocaine. The police also found a scale and rolled dollar bills which appeared to have been used for ingesting cocaine. When Colletta told Gutierrez and Malkin what he had found, according to Colletta, Malkin "claimed that all the items that were found, including the cocaine, . . . belonged to him."

Gutierrez and Malkin were charged with possession of cocaine. A motion to suppress evidence was ultimately granted in Malkin's case, and the trial court's ruling is currently pending before us in another case. Gutierrez was convicted following a jury trial and was sentenced to eight years' imprisonment. He appeals his conviction and sentence to this court.

Gutierrez's main point on appeal is that the trial court erred in not letting him introduce statements of Constantine Malkin where Malkin admitted ownership of the cocaine. We agree with Gutierrez that the trial court should have admitted Malkin's statements and accordingly reverse Gutierrez's conviction. Our disposition of this issue makes it unnecessary for us to address Gutierrez's other contentions.

Malkin twice made statements that the cocaine belonged to him. The first was the statement which he made to Officer Colletta and in front of Gutierrez during the search. Malkin also made a similar statement in court. This admission occurred when he interjected comments during Colletta's testimony in a preliminary hearing. Gutierrez's counsel attempted to introduce Malkin's statements at trial during the testimony of Officer Colletta. The court sustained the state's hearsay objection. Gutierrez' counsel made an offer of proof. The court again sustained the state's objection. Later in the trial Gutierrez's counsel tried to bring in evidence that Malkin had admitted ownership of the cocaine through Gutierrez's testimony. The following exchange occurred:

DEFENSE ATTORNEY: Now, was there ever a time that you heard Chris [Malkin] admit and say that that was his cocaine?

PROSECUTOR: Objection.

GUTIERREZ: Yes.

THE COURT: Sustained.

DEFENSE ATTORNEY: We'd like to argue that, Your Honor.

THE COURT: Counsel, put another question to the witness. We've gone over that.

DEFENSE ATTORNEY: I have no further questions.

On appeal, Gutierrez argues that Malkin's statement should have been admitted as a hearsay exception under Alaska Rule of Evidence 804(b)(3) as a declaration against interest:

> *Hearsay Exceptions.* The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> . . . .
>
> *Statement Against Interest.* A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

As the state points out, the rule plainly provides that in order for a declaration against interest to be admissible, the hearsay declarant, in this case Malkin, must be unavailable. Evidence Rule 804(a) defines unavailability and provides in part:

> (a) *Definition of Unavailability.* Unavailability as a witness includes situations in which the declarant
>
> (1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement; or

(2) persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so; or

(3) establishes a lack of memory of the subject matter of his statement; or

(4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or

(5) is absent from the hearing and the proponent of his statement has been unable to procure his attendance (or in the case of a hearsay exception under subdivision (b)(2), (3), (4), or (5), of this rule, his attendance or testimony) by reasonable means including process.

A declarant is not unavailable as a witness if his exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of his statement for the purpose of preventing the witness from attending or testifying.

The state contends that Gutierrez made no showing that Malkin was unavailable. We do not believe that an explicit showing was required in this case. Malkin was also under indictment for possession of the cocaine and it is reasonable to assume that he would exercise his fifth amendment rights. We note, by analogy, that the prosecution is generally allowed to assume that a co-defendant will exercise his fifth amendment rights in cases where the prosecution wishes to introduce hearsay statements of a co-defendant at grand jury. *Galauska v. State,* 527 P.2d 459, 465 (Alaska 1974), *modified on other grounds,* 523 P.2d 1017 (Alaska 1975). We also note that the prosecution did not object to the evidence on the ground that Gutierrez had not shown that Malkin was unavailable. This appears to be because the prosecution knew Malkin was unavailable.[1]

---

1. Not only could the prosecution and Gutierrez assume that Malkin was unavailable because he was awaiting charges for possession of the same cocaine with which Gutierrez was charged, but it also appears that Malkin may have been unavailable for reasons having to do with his mental health. A.R.E. 804(a)(4). At a hearing held on June 7, 1982, in front of Judge Hodges, the state referred to a psychiatric report by Dr. Rothrock in which Dr. Rothrock concluded that Malkin was incapable of assisting in his own defense. The state joined in a motion by Malkin's attorney to commit Malkin to a mental hospital until Malkin was competent to assist in his defense. Gutierrez's trial started about one month after this court proceeding.

We therefore hold that Gutierrez could reasonably presume that Malkin was unavailable because Gutierrez was "unable to procure ... his ... testimony by reasonable meansincluding process." A.R.E. 804(a)(5). Gutierrez was entitled to rely on this presumption that Malkin was unavailable, at least where there was no objection on the ground that he had not shown that Malkin was unavailable.

The state also argues that Gutierrez did not sufficiently alert the trial court that he was admitting a declaration against interest. There is no question that Gutierrez's attorney could have been clearer on his grounds for admitting Malkin's statement. However, we do not believe that his attorney was required to name the particular hearsay exception in this case.[2] He made an offer of proof in which he told the judge that Malkin had stated in court that the "cocaine is mine, was all mine, and it didn't belong to anyone else." The trial judge knew that Gutierrez wanted to admit Malkin's confession, and we doubt that referring to Malkin's statements as a declaration against interest would have further clarified matters. It also would have been apparent to the trial judge that Malkin would almost certainly exercise his fifth amendment privilege if called, so that Malkin was unavailable. Also, because Gutierrez was unable to make a full offer of proof when he attempted to introduce Malkin's statements during his own testimony, it is hard to fault him for not arguing this matter more fully.

Of course, Evidence Rule 804(b)(3) states that "[a] statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." The trial court did not find Malkin's statement untrustworthy. The state has not argued that Malkin's statements did not comply with this portion of the rule. We note that the record reflects that the cocaine was found in a residence which was subleased to Malkin and where Malkin was apparently the primary occupant. The silver briefcase was found underneath Malkin's bed. Malkin's fingerprints were present on two items in the briefcase and there were no fingerprints which belonged to Gutierrez. Malkin's first admission was to a police officer immediately after the cocaine was found. The other admission occurred in open court and on the record. Furthermore, Gutierrez testified in essence that he loaned his briefcase to Malkin, that he left some of his papers in the briefcase, and that the cocaine was not his. Based on the record presently before us, we conclude that Malkin's statements were sufficiently corroborated so that Gutierrez was entitled to have them admitted. *Compare Larson v. State,* 656 P.2d 571, 574 (Alaska App.1982). (A.R.E. 804(b)(3) inapplicable where witness available and no corroborating circumstances.)

The state has not argued that the failure to admit Malkin's statements was harmless. We cannot say that the admission of Malkin's statements "did not appreciably affect the jury's verdict." *Love v. State,* 457 P.2d 622, 632 (Alaska 1969). We accordingly reverse Gutierrez' conviction.

REVERSED AND REMANDED.

---

**2.** Evidence that another person has confessed to committing a crime with which a defendant is charged may be so critical that the failure to admit the evidence violates due process of law. *See Chambers v. Mississippi,* 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297, 313 (1973). *See also Green v. Georgia,* 442 U.S. 95, 97, 99 S.Ct. 2150, 2151, 60 L.Ed.2d 738, 741 (1979).

Because we are able to resolve the question raised by this case under the evidence rules, we do not need to consider Gutierrez's due process argument. However, the due process argument does tend to illustrate the fundamental nature of the evidence which Gutierrez wished to introduce.