No. 89–7671. HUNTER *v.* CALIFORNIA. Sup. Ct. Cal. Certiorari denied.

JUSTICE MARSHALL, dissenting.

This petition for certiorari presents the significant issue whether, and under what circumstances, a criminal defendant has a constitutional right to judicially immunized testimony useful to establishing his defense. I have previously expressed my view that this Court should resolve the conflict of lower court authority on this question. See *Autry* v. *McKaskle*, 465 U. S. 1085, 1087–1088, and n. 3 (1984) (opinion dissenting from denial of certiorari). This petition underscores the importance of settling that conflict because it frames the issue in the most compelling possible setting: the penalty phase of a capital proceeding.

Petitioner was convicted of murder and sentenced to death. At trial, petitioner requested the court to confer use immunity upon his girl friend, who declined on Fifth Amendment grounds to testify on petitioner's behalf. Petitioner proffered at both the guilt and the penalty phases that his girl friend's testimony would show that petitioner was mentally distressed at the time of the charged murder. The trial court refused to grant immunity, and the California Supreme Court affirmed its ruling.

The manner in which the California Supreme Court disposed of petitioner's claim highlights the confusion engendered by this Court's failure to resolve definitively the judicial immunity issue. Noting the conflict among the lower courts, the California Supreme Court sought to avoid the question of a criminal defendant's constitutional right to judicially immunized testimony by ruling that petitioner had failed to meet the threshold showing established by *Government of Virgin Islands* v. *Smith,* 615 F. 2d 964, 972 (CA3 1980), the first decision to recognize such a right. "[T]he proffered testimony," the court explained,

"did not meet *Smith*'s requirement that the evidence be 'clearly exculpatory and essential.' At best, the evidence was cumulative of the extensive testimony of other defense witnesses." 49 Cal. 3d 957, 974, 782 P. 2d 608, 617 (1989).

The court dismissed in similar terms petitioner's claim that he was entitled to have his girl friend's immunized testimony as mitigating evidence during the penalty phase of the capital trial:

"Even assuming, without purporting to decide, that the trial court had the authority to confer use immunity on the proposed witness, we cannot conclude on this record that the court erred. There is nothing in the record to demonstrate [petitioner] was denied *highly relevant* mitigating evidence, or to reveal the nature of that evidence. Even assuming that the evidence would have generally related to [petitioner's] state of mind on the morning of the murder, we cannot find that the absence of [the girl friend's] testimony prejudiced [petitioner]. The jury had already been presented evidence of [petitioner's] purported depression at the guilt phase through the testimony of two psychiatrists." *Id.,* at 980–981, 782 P. 2d, at 621 (emphasis added).

In my view, the question whether petitioner had a right to judicially immunized testimony at the penalty phase of the proceed-

ings cannot be avoided on these terms. The California Supreme Court was mistaken in presuming that it could resolve the disposition of petitioner's claim to judicially immunized testimony at the penalty phase of a capital proceeding by the same standard used to assess a defendant's right to immunized testimony at trial. It is well established that a criminal defendant's entitlement to present useful evidence is at its strongest in the capital sentencing context; this Court has repeatedly emphasized that the State may not exclude *"any* relevant mitigating evidence offered by the defendant as the basis for a sentence less than death." *Penry* v. *Lynaugh,* 492 U. S. 302, 318 (1989) (emphasis added); accord, *Skipper* v. *South Carolina,* 476 U. S. 1, 4 (1986); *Eddings* v. *Oklahoma,* 455 U. S. 104, 114–115 (1982). Assuming that a criminal defendant *does have* the due process right to judicially immunized testimony recognized by the Third Circuit in *Smith,* the assessment whether a capital defendant has satisfied the threshold showing of need must take account of that defendant's heightened entitlement to present *all* mitigating evidence to the sentencer. Cf. *Green* v. *Georgia,* 442 U. S. 95, 97 (1979) (holding that exclusion of mitigating evidence at penalty phase of capital proceeding through operation of generally applicable state hearsay rule denied defendant "a fair trial on the issue of punishment" and thus violated due process). A court could not, in my view, deny the defendant's request, as the California Supreme Court did, simply because the mitigating testimony sought by the defendant was not *"highly* relevant" or because *overlapping* evidence "had already been presented" to the sentencer. In sum, *if* a defendant has a right to judicially immunized testimony, petitioner's death sentence cannot stand.

I would grant the petition so that this Court can determine whether a criminal defendant has a due process right to judicially immunized testimony, and, if so, what standards govern immunized-testimony requests in capital sentencing proceedings. Consequently, I dissent from the denial of certiorari.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting), I would also grant the petition and vacate the death penalty in this case even if I did not regard the petition as presenting a question independently meriting this Court's review.