| iBARRY, Judge,
dissenting in part with reasons.
I agree that the trial court erred by ruling that testimony concerning the defendant’s alleged inculpatory statement was not credible prior to observing the witness’s demeanor and hearing the testimony.
However, the confidential witness’s out of court statement is inadmissible because there is no showing of its reliability or trustworthiness.
The child is unavailable under La.C.E. art. 804(A)(4). The protection of the identity and information concerning a patient in a juvenile psychiatric facility is of utmost importance to the child’s welfare and should be protected. The declarant cannot testify at the trial and maintain the extensive confidentiality that is recognized by law. We have no basis to disturb the trial court’s finding that John Doe is unavailable by virtue of the confidentiality protections attendant to his status as an alcohol and drug abuse patient.
La.C.E. art. 804(B) provides that the following are not excluded if the declarant is unavailable as a witness: (1) former testimony; (2) statement under belief of impending death; (3) statement against interest; (4) statement of personal or family history; (5) records of regularly conducted business activity; (6) in a civil case, a statement not covered by the foregoing exceptions if the enumerated conditions are met.
Exceptions 2 through 5 clearly do not apply. Exception 1 does not govern admissibility of a deposition. See La.C.E. art. 804(B)(1), comment (d), Rwhich notes that depositions were specifically deleted from this provision when the Evidence Code was enacted.
Exception 6 is an omnibus provision applicable to a civil case in which a statement is not specifically covered by an exception to the hearsay rule but certain conditions are met. The court must find that the statement is trustworthy, the proponent of the evidence has adduced or made a reasonable effort to adduce admissible evidence to establish the fact, advance notice is given to the adverse party and the court of the intention to offer the statement sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to meet it.
Although that exception is limited to civil cases, the defendant’s right of compulsory process and right to present a defense mandate a similar result in a criminal case where the defendant offers reliable trustworthy evidence which does not fit one of the legislatively recognized exceptions to the hearsay rule. La.C.E. art. 804, comment to exception (B)(6). State v. Gremillion, 542 So.2d 1074 (La.1989). Due process demands that a statement be admitted where it is highly relevant to a critical issue and “substantial *917 reasons” exist to assume its reliability and trustworthiness. Green v. Georgia, 442 U.S. 95, 99 S.Ct. 2150, 2151, 60 L.Ed.2d 738 (1979).
Gremillion was a manslaughter case in which the Supreme Court allowed in evidence the victim’s pre-death statement to a police officer even though the statement was neither res gestae nor a dying declaration. The ruling was largely based on the defendant’s right to present a defense and the court relied also on the omnibus clause for civil cases. The court considered the statement reliable because it was corroborated and because the declarant consistently failed to identify the defendant as the assailant even though they were well acquainted.
laThis case is distinguishable because there is no evidence or testimony to establish the reliability or trustworthiness of the statement. The statement was made after considerable time and not under circumstances which ordinarily make a statement inherently reliable. Further, no corroborating testimony or evidence has been presented. Although “(f)ew rights are more fundamental than that of an accused to present witnesses in his own defense,” the accused “must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.” Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973). Absent a showing of reliability and trustworthiness, the deposition is inadmissible.