I concur with the scholarly majority opinion in every respect except that I do not necessarily agree with the holding by the Court of Criminal Appeals regarding the exclusion of testimony by Investigator Benson to the effect that, after he asked the defendant's codefendant to draw some of the satanic cult symbols spray-painted inside the victim's house, the codefendant drew a pentagram that had been spray-painted on a cabinet above the victim's body. This testimony would have tended to prove that the codefendant was present at the murder. Because the defendant's defense was that he was absent, the excluded testimony would have tended to prove his defense by explaining the crime, even though the testimony would not have tended to prove the defendant's absence. The defendant had a right to rely on other evidence or inferences to raise a reasonable doubt to the effect that he was absent, not present.
Moreover, because an essential element of capital murder is that the defendant harbored the specific intent to kill the victim, evidence of the presence of the codefendant, even if the defendant were also present, could, depending on the other evidence, allow the jury to conclude that the codefendant had committed the fatal acts and that only the codefendant had harbored the specific intent to kill. While the Court of Criminal Appeals cites various of its own precedents to the effect that the defendant was not entitled to the introduction *Page 884 
of Investigator Benson's testimony for these tendencies, the case of Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038,35 L.Ed.2d 297 (1973), suggests that denying a defendant the right to introduce evidence that another committed the crime may violate the defendant's right to due process. See also Green v.Georgia, 442 U.S. 95, 99 S.Ct. 2150, 60 L.Ed.2d 738 (1979).