**Jaime Anaya VERDUGO, Petitioner–Appellant,**

v.

**K.W. PRUNTY, Respondent–Appellee.**

No. 99–55915.

D.C. No. CV–97–00743–BTM.

United States Court of Appeals, Ninth Circuit.

Submitted June 6, 2001 *.

Decided June 20, 2001.

Before D.W. NELSON, FERNANDEZ, and RYMER, Circuit Judges.

MEMORANDUM **

Jaime Anaya Verdugo appeals the district court's order denying his 28 U.S.C.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 2254 petition for a writ of habeas corpus challenging his 1994 conviction for murder in the second degree, with use of a firearm. We affirm.

■ (1) Verdugo asserts that excluding a hearsay statement by a witness denied him due process. We do not sit to decide whether the statement was properly excluded as a matter of state law. *See Whelchel v. Washington,* 232 F.3d 1197, 1211 (9th Cir.2000); *see also Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 479–80, 116 L.Ed.2d 385 (1991). However, Verdugo argues that the statement should have been admitted in any event. We disagree. We cannot say that the statement was so probative, reliable, and unique that the need for it overbalanced the state's interest in excluding it. The constitution was not violated when it was excluded. *See Tinsley v. Borg,* 895 F.2d 520, 530 (9th Cir.1990); *see also Green v. Georgia,* 442 U.S. 95, 96–97, 99 S.Ct. 2150, 2151, 60 L.Ed.2d 738 (1979); *Chambers v. Mississippi,* 410 U.S. 284, 298–300, 93 S.Ct. 1038, 1047–48, 35 L.Ed.2d 297 (1973).

■ (2) Verdugo next claims that the state should have been sanctioned because two witnesses became unavailable to him. However, he failed to show that the state had engaged in bad faith when it omitted to take sufficient steps to assure that the witnesses would remain available. *See Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 337–38, 102 L.Ed.2d 281 (1988); *California v. Trombetta,* 467 U.S. 479, 489, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413 (1984). His due process rights were not violated.

■ (3) Verdugo also claims that there was misconduct, which violated his consti-

tutional rights, when the prosecutor argued that there was no evidence that the victim had anything in his hands. That was a reasonable argument from the condition of the record, and it is not misconduct for a prosecutor to argue from the record. *See Drayden v. White,* 232 F.3d 704, 713 (9th Cir.2000); *Duckett v. Godinez,* 67 F.3d 734, 742 (9th Cir.1995). Verdugo cites no authority for the unusual proposition that a prosecutor cannot argue from the record if he knows that there is other legally excluded evidence that could support a different conclusion. This is not a case where the prosecutor hid the evidence and then said that it did not exist. *See Brown v. Borg,* 951 F.2d 1011, 1015 (9th Cir.1991). There was no misconduct.

(4) Finally, Verdugo claims that his constitutional rights were violated because the trial judge told the jury that it would not answer any questions. Had the trial judge done so, that would have been problematic. *See Bollenbach v. United States,* 326 U.S. 607, 612, 66 S.Ct. 402, 405, 90 L.Ed. 350 (1946). However, as the state courts determined, the trial judge did no such thing. In this case, we are bound by that finding. *See Bains v. Cambra,* 204 F.3d 964, 972 (9th Cir.2000).

AFFIRMED.