*528 Justice Scalia,
with whom Justice Thomas joins,
concurring in the judgment.
In this case, we have the opportunity to put to rest, once and for all, the mistaken notion that the Eighth Amendment requires that a convicted capital defendant be given the opportunity, at his sentencing hearing, to present evidence and argument concerning residual doubts about his guilt. Although the Court correctly holds that there is no Eighth Amendment violation in this case, I would follow the Court’s logic to its natural conclusion and reject all Eighth Amendment residual-doubt claims.
I agree with the Court that we have jurisdiction and should exercise it in this case. What requires me to withhold agreement to the Court’s opinion is the last of the “[t]hree circumstances” on which it relies, ante, at 526— namely, “the fact that Oregon law gives the defendant the right to present to the sentencing jury all the evidence of innocence from the original trial.” Ante, at 526-527 (emphasis in original). The first two of the circumstances are alone sufficient to dispose of the claim that the Eighth Amendment guarantees a capital defendant a second.opportunity, at sentencing, to litigate his innocence. In fact, the Court’s third “circumstance” is an analytical misfit in the company of the other two. The first two — that “sentencing traditionally concerns how, not whether, a defendant committed the crime,” ante, at 526, and that “the parties previously litigated the issue to which the evidence is relevant,” ibid. — show that compelling the admission of innocence-related evidence would be improper and unnecessary at a sentencing hearing. The third, by contrast, suggests that there is no constitutional violation in this case because enough of such evidence may be admitted on remand. The latter factor would be relevant only if the former two were not.
If we needed any third factor to justify our holding, a better candidate would be that the claim we consider here finds *529 no support in our Nation’s legal history and traditions. In 1986, Justice Marshall correctly observed that there had been “few times in which any legitimacy has been given to the power of a convicted capital defendant facing the possibility of a death sentence to argue as a mitigating factor the chance that he might be innocent.” Lockhart v. McCree, 476 U. S. 162, 205 (dissenting opinion). Nothing has changed on that score in the last 20 years. On the contrary, in Franklin v. Lynaugh, 487 U. S. 164 (1988), four Members of this Court noted that our “prior decisions ... fail to recognize a constitutional right to have such doubts considered as a mitigating factor,” id., at 174 (plurality opinion). They were, moreover, “quite doubtful” that the purported right existed, because it is “arguably inconsistent with the common practice of allowing penalty-only trials on remand of cases where a death sentence — but not the underlying conviction — is struck down on appeal.” Id., at 173, n. 6. Two other Members of the Court would have rejected the claim outright. Id., at 187 (O’Connor, J., concurring in judgment).
After Franklin, the lower courts have unanimously denied constitutional claims like the one we consider today. See, e.g., Zeigler v. Crosby, 345 P. 3d 1300, 1310 (CA11 2003); Evans v. Thompson, 881 F. 2d 117,121 (CA4 1989); Duest v. State, 855 So. 2d 33, 40-41 (Fla. 2003); Commonwealth v. Fisher, 572 Pa. 105, 115-116, 813 A. 2d 761, 767 (2002); People v. Emerson, 189 Ill. 2d 436, 501-504, 727 N. E. 2d 302, 338-339 (2000); State v. Fletcher, 354 N. C. 455, 470-472, 555 S. E. 2d 534, 544 (2001); Melson v. State, 775 So. 2d 857, 898-899 (Ala. Crim. App. 1999). The last apparent scrap of authority for the contrary view came from our cryptic opinion in Green v. Georgia, 442 U. S. 95 (1979) (per curiam), on which the Oregon Supreme Court principally relied. See App. to Pet. for Cert. 58-62. The chief virtue of today’s opinion lies in its discarding the notion that Green provides any support for an Eighth Amendment right to argue residual doubt at sentencing. See ante, at 524-525.
*530 In mentioning, however, the superfluous circumstance that Oregon law happens to provide for the admission at sentencing of some evidence that relates to innocence, the Court risks creating doubt where none should exist. Capital de- . fendants might now be tempted to argue that the amount of residual-doubt evidence carried over from the guilt phase in their sentencing hearings is insufficient to satisfy the Court’s third factor. Every one of these “residual-doubt” claims will be meritless in light of the Court’s first two factors. We should make this perfectly clear today.