**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RUBEN GOMEZ,

　　　　　Petitioner - Appellant,

　v.

GARY SANDOR, Warden; ATTORNEY
GENERAL OF THE STATE OF
CALIFORNIA,

　　　　　Respondents - Appellees.

No. 10-56876

D.C. No. 3:09-cv-02750-WQH-
PCL

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted November 10, 2011
Pasadena, California

Before: TALLMAN and MURGUIA, Circuit Judges, and ROSENTHAL,[**] District
Judge.

　　Ruben Gomez, a California state prisoner, appeals the district court's denial

of his petition for a writ of habeas corpus.  He contends that the state trial court's

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The Honorable Lee H. Rosenthal, U.S. District Judge for the Southern
District of Texas, sitting by designation.

decision to exclude third-party culpability evidence on hearsay grounds violated his constitutional rights under the Sixth and Fourteenth Amendments.

We review de novo the district court's decision to deny a 28 U.S.C. § 2254 habeas petition. *Moses v. Payne*, 555 F.3d 742, 750 (9th Cir. 2009). Gomez argues that the California Court of Appeal's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1).

The state court's decision was neither contrary to, nor an unreasonable application of, federal law as set forth in *Chambers v. Mississippi*, 410 U.S. 284 (1973). Unlike the excluded statements in *Chambers*, which were "in a very real sense self-incriminatory and unquestionably against [the declarant's] interest[,]" *id.* at 301, the excluded portion of the statement here—that the declarant, Marco Moedano, acted "before anybody could do anything"—did not clearly inculpate Moedano. It lacked the assurance of trustworthiness that such self-inculpation provides. And unlike the statement in *Green v. Georgia*, 442 U.S. 95, 96–97 (1979) (per curiam), which the trial court excluded in its entirety, here the trial court admitted the clearly self-inculpatory portion of Moedano's statement, in which Moedano admitted that he alone shot the victim.

Additionally, the excluded portion of Moedano's out-of-court statement was not "critical" to Gomez's defense. *Chambers*, 410 U.S. at 302. Gomez's defense theory was that although he and other gang members had been "lookin' to blast some" rival gang members earlier in the evening, that activity had ended, and Gomez was hanging out with Moedano and others when the victim unexpectedly appeared from around the corner and Moedano suddenly shot the victim. The jury heard a tape-recorded conversation in which Gomez and Moedano both said that the victim's appearance was "unexpected" and in which Moedano admitted that he ran after and shot the victim ten or eleven times. The jury also heard an eyewitness testify that there was only one shooter and that no one else at the scene moved during the brief attack. The excluded portion of the statement, that Moedano acted "before anybody could do anything," was cumulative of other evidence that the jury did hear. In addition, the excluded portion of the statement did not clearly or directly exculpate Gomez. For these reasons, the excluded portion of the statement was not critical to his defense. *Cf. id.* at 294 (concluding that the defense was "far less persuasive" without the excluded evidence, which directly exculpated the defendant). There was no Sixth Amendment violation in excluding it from evidence at trial.

3

The district court properly concluded that the California court's decision was neither contrary to, nor an objectively unreasonable application of, federal law. *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

AFFIRMED.