**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT TOBIAS ALVAREZ,

               Petitioner-Appellant,

v.

LEANNA LUNDY, Acting Warden,

               Respondent-Appellee.

No. 22-16227

D.C. No. 4:21-cv-04626-HSG

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted December 4, 2024
San Francisco, California

Before: TYMKOVICH,[**] M. SMITH, and BUMATAY, Circuit Judges.

Petitioner-Appellant Robert Alvarez appeals the district court's denial of his

28 U.S.C. § 2254 habeas corpus petition challenging his convictions under

California law for first-degree murder and robbery. We granted a certificate of

appealability on the issue of "whether the exclusion of a co-defendant's admissions

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Timothy M. Tymkovich, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

to police concerning his involvement in the crimes violated [Alvarez's] Sixth and Fourteenth Amendment rights to present a complete defense at trial." We affirm the district court's denial of Alvarez's § 2254 habeas petition.

Because the parties are familiar with the facts and background of this case, we provide only the information necessary for context to our ruling. In 2013, Alvarez and an associate named Christopher Madrigal robbed and stabbed the victim, resulting in the victim's death. Police interviewed Madrigal, who initially denied any responsibility but later admitted to stabbing the victim at least twice. But, in his interview, Madrigal continued to paint Alvarez as the moving force in the assault and blamed Alvarez for the most aggressive stabbing.

Alvarez was tried for, *inter alia*, murder and robbery in California state court, and he sought before trial to admit as evidence excerpts of Madrigal's interview in which Madrigal discussed his own (Madrigal's) role in the stabbing. The district court excluded the evidence on the grounds that it was hearsay that was not truly against Madrigal's penal interest. Alvarez was convicted, and his conviction was affirmed on direct appeal.

Alvarez then filed a federal habeas petition pursuant to 28 U.S.C. § 2254 asserting, among other things, that the exclusion of the Madrigal interview excerpts violated his right to present a complete defense under the doctrine of *Chambers v. Mississippi*, 410 U.S. 284 (1973), and its progeny. Applying the deferential

standard of review mandated by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), the district court concluded that Alvarez was not entitled to habeas relief on this basis because "[t]he state court's rejection of this claim was neither contrary to nor an unreasonable application of Supreme Court precedent or based on an unreasonable determination of the facts."

We agree. Alvarez's § 2254 petition is undisputably governed by AEDPA, which circumscribes when a federal court can grant habeas relief based on a claim that was already adjudicated on the merits in state court. Specifically, AEDPA "provides that, when a state court has already ruled on the merits of the habeas petitioner's claim, he must show that decision was either (1) 'contrary to' or an 'unreasonable application of' clearly established federal law, as determined by the decisions of [the Supreme] Court, or (2) based on an 'unreasonable determination of the facts' presented in the state-court proceeding." *Brown v. Davenport*, 596 U.S. 118, 125 (2022) (quoting 28 U.S.C. § 2254(d)). There is no assertion in this case that the state court made any unreasonable factual determinations, so Alvarez is entitled to federal habeas relief only if he can show that the state court acted contrary to or unreasonably applied clearly established federal law—here, *Chambers* and its progeny.[1] Alvarez has not made this showing.

---

[1] Relying on our opinion in *Brown v. Horell*, 644 F.3d 969, 983 (9th Cir. 2011), the State contends that we can truncate our analysis because *Chambers v.*

3

*First*, Alvarez has no colorable argument that the state court acted "contrary to" *Chambers* and its progeny in excluding the proffered excerpts of the Madrigal interview. "A state court's decision is 'contrary to' clearly established federal law 'if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Marks v. Davis*, 106 F.4th 941, 949 (9th Cir. 2024) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). Given the factual dissimilarity between the Supreme Court cases Alvarez relies on and this case, this standard is not met.

*Second*, Alvarez has not shown that the state court unreasonably applied *Chambers* and its progeny. Under the unreasonable-application prong, "[t]he state court's application of federal law must stand unless it was 'objectively unreasonable.'" *Fauber v. Davis*, 43 F.4th 987, 996–97 (9th Cir. 2022) (quoting *Bell v. Cone*, 535 U.S. 685, 698–99 (2002)), *cert. denied*, 143 S. Ct. 2585 (2023).

---

*Mississippi* and its progeny cannot provide the requisite clearly established law for purposes of AEDPA in this case because "the Supreme Court has never squarely addressed 'the discretionary exclusion of evidence and the right to present a complete defense,' or established a controlling legal standard for such exclusions." We do not reach this argument. Even assuming *arguendo* that Alvarez is correct that *Chambers* and its progeny provide the requisite clearly established law, he is not entitled to habeas relief because he cannot show that the state court acted contrary to or unreasonably applied that law.

To satisfy this standard, a petitioner "must show far more than that the state court's decision was merely wrong or even clear error." *Id.* at 996 (quoting *Bolin v. Davis*, 13 F.4th 797, 804 (9th Cir. 2021)). "Instead, '[t]he prisoner must show that the state court's decision is so obviously wrong that its error lies "beyond any possibility for fairminded disagreement."'" *Bolin*, 13 F.4th at 805 (alteration in original) (quoting *Shinn v. Kayer*, 592 U.S. 111, 118 (2020) (per curiam)).

Alvarez has not made this showing. To be sure, the Supreme Court's decision in *Chambers v. Mississippi* and its progeny makes clear that there are some "limits" to the general principle that "state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (quoting *United States v. Scheffer*, 523 U.S. 303, 308 (1998)). Specifically, "'the Constitution guarantees criminal defendants "a meaningful opportunity to present a complete defense."'" *Id.* (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)). "This right is abridged by evidence rules that 'infring[e] upon a weighty interest of the accused' and are '"arbitrary" or "disproportionate to the purposes they are designed to serve."'" *Id.* (alteration in original) (quoting *Scheffer*, 523 U.S. at 308). For example, in *Chambers*, the Supreme Court held that a defendant's constitutional right to present a complete defense was violated when the defendant was limited in his ability to present evidence of a third party's admission to the

5

crime by the combination of Mississippi's voucher rule and the "mechanistic[]" application of the hearsay rules. *See* 410 U.S. at 294, 302; *accord Green v. Georgia*, 442 U.S. 95, 97 (1979) (per curiam).

But importantly, "[a] defendant's right to present relevant evidence is not unlimited"; instead, it is "subject to reasonable restrictions" and may "'bow to accommodate other legitimate interests in the criminal trial process.'" *Scheffer*, 523 U.S. at 308 (quoting *Rock v. Arkansas*, 483 U.S. 44, 55 (1987)). Thus, the Supreme Court has "[o]nly rarely" found a violation of the right to present a complete defense based on the exclusion of defense evidence. *Nevada v. Jackson*, 569 U.S. 505, 509 (2013) (per curiam).

The state court reasonably could have concluded that Alvarez did not have a constitutional right under *Chambers* and its progeny to have an excerpted version of the Madrigal interview admitted in evidence at his trial. The application of the rule against hearsay to exclude the Madrigal interview was not arbitrary or disproportionate to the goals of the rule. To the contrary, applying the rule here served "legitimate interests," including the undeniable interest in "ensuring that reliable evidence is presented to the trier of fact." *Scheffer*, 523 U.S. at 309.

Simply put, the context of Madrigal's interview statements does not provide the "considerable assurance of their reliability" present in *Chambers* and *Green*, where a third party took sole responsibility for a crime against their penal interest.

*Chambers*, 410 U.S. at 300. In contrast, the Madrigal interview could be read as an attempt to cast much of the blame on Alvarez as an attempt to curry favor with the prosecution. This type of self-serving, he-is-guiltier-than-I-am "confession" lacks the innate reliability of a true admission against one's penal interest. *See, e.g.*, *People v. Duarte*, 24 Cal. 4th 603, 617 (2000); *cf. Williamson v. United States*, 512 U.S. 594, 603 (1994); *United States v. Vera*, 893 F.3d 689, 693 (9th Cir. 2018) (citing Fed. R. Evid. 804(b)(3) advisory committee's note to 1972 proposed rules). Indeed, it was precisely this reasoning that caused the state trial court to conclude that the interview excerpts did *not* fall within California's statement-against-penal-interest exception—a ruling that Alvarez cannot challenge on federal habeas review, *see Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Importantly, it is only when Madrigal's statements regarding his own involvement in the crime are excerpted from the overall context that the interview becomes arguably exculpatory of Alvarez. But whether a statement is against a declarant's penal interest—and thus has indicia of reliability—"can only be determined by viewing it in context." *Williamson*, 512 U.S. at 603. From the context of the entire interview, it is clear that Madrigal's statements lack the innate reliability that is the hallmark of a truly self-inculpatory confession.

Accordingly, the state court reasonably could have concluded that the evidence that Alvarez sought to admit was not reliable and thus fell outside the

7

scope of the *Chambers* doctrine. *See Scheffer*, 523 U.S. at 309, 312. Put differently, Alvarez is not entitled to habeas relief because reasonable jurists could agree that this is not one of the "rare[]" cases in which a defendant's constitutional rights were violated by the exclusion of defense evidence pursuant to state evidentiary rules. *Jackson*, 569 U.S. at 509.[2]

**AFFIRMED.**

---

[2] We do not decide whether, under *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), Alvarez was actually prejudiced by the exclusion of this evidence.